UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER INTERMODAL SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>T.G.S. TRANSPORTATION, INC.,<br><br>Defendant. | Case No. 1:17-cv-01056-DAD-BAM<br><br>ORDER DENYING EX PARTE APPLICATION FOR EXPEDITED DISCOVERY WITHOUT PREJUDICE |

Plaintiff Roadrunner Intermodal Services, LLC ("Plaintiff" or "Roadrunner") filed this action against Defendant T.G.S. Transportation, Inc. ("Defendant"), on August 7, 2017. (Doc. 1). The same day, Plaintiff filed an *ex parte* motion seeking expedited discovery of Defendant and Roadrunner former employee, Jeffrey Cox's ("Cox"), alleged wrongful solicitation of Roadrunner's employees, contractors, drivers and customers in violation of a non-competition, non-solicitation, and confidential information agreement entered into by Plaintiff and Cox. (Doc. 2).

Plaintiff has not filed a proof of service in this action and Defendant has not appeared. While Plaintiff's supporting declaration suggests that it served a copy of the complaint on Defendant, Plaintiff has not filed a return of service or an executed summons with respect to service of the complaint nor the instant ex parte motion. See Declaration of Michael D. Lane

1

("Lane Decl."), (Doc. 2-1 at 2, ¶6). Plaintiff fails to address that the Court currently lacks personal jurisdiction over defendant.

Until such time as Plaintiff properly serves the summons and complaint on the Defendant, this Court lacks jurisdiction over the Defendant and cannot consider the merits of Plaintiff's ex parte motion. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4"); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied").

Consequently, the Court denies Plaintiff's *ex parte* motion without prejudice to renewal upon proper service of the summons and complaint on Defendant. Plaintiff is directed to serve the summons and complaint on Defendant and to file proofs of service indicating that it has properly served Defendant. Once this is done, Plaintiff may file a new request for expedited discovery or for other requested relief. With any requested relief, that the Court will consider appropriate Due Process safeguards.

IT IS SO ORDERED.

Dated: **August 8, 2017**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE