UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER INTERMODAL SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>T.G.S. TRANSPORTATION, INC.,<br><br>Defendants. | No. 1:17-cv-01056-DAD-BAM<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION |

Plaintiff filed this case on August 7, 2017. (Doc. No. 1.) The complaint cites the diversity statute, 28 U.S.C. § 1332, as the basis for this court's jurisdiction, alleging the dispute is between citizens of different states and the amount in controversy exceeds $75,000. (*Id.* at ¶ 1.) Plaintiff must provide further information to allow this court to establish its jurisdiction here.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) (noting objections to subject matter jurisdiction may be raised post-trial). A limited liability company ("LLC") "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899

1

(9th Cir. 2006). Meanwhile, corporations are citizens of their state of incorporation and the state in which their principal place of business—frequently called the "nerve center" and usually the corporate headquarters—is located. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 81, 85–86 (2010).

The complaint alleges plaintiff "is a Delaware limited liability company with its principal place of business in Peachtree City, Georgia," while it believes defendant is a California corporation with its principal place of business in Fresno, California. (*Id.* at ¶¶ 3, 4.) While the allegations of defendant's corporate citizenship are sufficient, the allegations of plaintiff's citizenship are not. An LLC's citizenship is not determined by its principal place of business or state of formation, but rather by the citizenship of its owners or members. *See Johnson*, 437 F.3d at 899. Therefore, it is unclear from the complaint whether the parties are truly diverse.

Accordingly, plaintiff is hereby directed to show cause within fourteen (14) days of service of this order as to why this matter should not be dismissed for lack of subject matter jurisdiction. Plaintiff may discharge this order to show cause by indicating the identity and citizenship of each of its owners/members. Plaintiff is reminded that, if any of its owners or members are themselves non-corporate entities, the identity and citizenship of that entity's owners, members, or partners must be indicated as well. *See Tschakert v. Hart Energy Pub., LLP*, No. 10CV2598-L (WMC), 2011 WL 3568117, at *2 (S.D. Cal. Aug. 15, 2011) ("Courts may consider the citizenship of the members' members, and then the members' members' members and so on, because an LLC's members may include other entities, such as partnerships, corporations, or even additional LLCs."); *see also Crescent Silver LLC v. New Jersey Mining Co.*, No. 2:15-cv-00097-REB, 2015 WL 6958059, at *2–3 (D. Idaho Nov. 10, 2015); *Century Surety Co. v. Bruno India Kettner, LLC*, No. 14CV2090 BEN (BLM), 2015 WL 12660420, at *1 (S.D. Cal. July 24, 2015) ("A plaintiff must identify the citizenship of all of the members of an LLC

/////

/////

/////

/////

and if any member of an LLC is itself an LLC or other non-corporate entity, a plaintiff must state the citizenship of that member.").

IT IS SO ORDERED.

Dated: __**August 9, 2017**__                    _____
                                                  UNITED STATES DISTRICT JUDGE