1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROADRUNNER INTERMODAL                    No.: 1:17-cv-01056-DAD-BAM
     SERVICES, LLC, a Delaware limited
12   liability company,

13                 Plaintiff,                 ORDER DENYING PLAINTIFF'S EX PARTE
                                              APPLICATION TO SHORTEN TIME FOR A
14         v.                                 HEARING ON MOTION FOR
                                              PRELIMINARY INJUNCTION
15   T.G.S. TRANSPORTATION, INC., a
     California corporation, and DOES 1-10,
16
                   Defendants.                (Doc. No. 34.)
17

18

19         On October 9, 2017, plaintiff Roadrunner Intermodal Services, LLC ("plaintiff") filed a

20   motion for preliminary injunction. (Doc. No. 32.)  The following day, plaintiff filed an ex parte

21   application for an order shortening time for a hearing on the motion for preliminary injunction.

22   (Doc. No. 34.)  Defendant opposes this application for an order shortening time (Doc. No. 35),

23   and plaintiff has replied to the opposition.  (Doc. No. 37.)  Finally, defendant filed an objection to

24   plaintiff's reply.  (Doc. No. 38.)  In moving for an order shortening time, plaintiff requests that

25   the court set the hearing on its motion for preliminary injunction for October 17, 2017, or any

26   date the court is available to hear argument.  Currently, the scheduled hearing date for both

27   plaintiff's motion for preliminary injunction (Doc. No. 34) and defendant's motion to consolidate

28   cases (Doc. No. 30) is November 7, 2017.

                                                   1

Ex parte applications to shorten time require a satisfactory explanation of the circumstances claimed to justify the issuance of such an order. Local Rule 6-144(e). Courts generally require that such applications demonstrate circumstances showing that the applicant is not the cause of its own predicament and the order is necessary to avoid some type of irreparable harm. *See Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, No. 206-CV-02879-GEB-KJM, 2007 WL 3340935, at *1 (E.D. Cal. Nov. 9, 2007). The court has reviewed plaintiff's ex parte application and finds that it does not establish that an order shortening time on its motion for preliminary injunction is necessary to avoid some type of irreparable harm. Though plaintiff claims that it will suffer "significant irreparable harm occasioned by TGS's ongoing conduct," it does not specify an impending event that will cause irreversible damage to warrant expediting the briefing schedule and hearing on its motion for a preliminary injunction. (Doc. No. 34 at 7.) Rather, plaintiff's application is based on arguments regarding a potential financial loss, which may ultimately be remedied through awarding damages if plaintiff's allegations prove to be meritorious.

Accordingly, plaintiff's ex parte application for an order shortening time (Doc. No. 34) is denied. The parties are directed to the briefing schedule outlined in Local Rule 78-230 with respect to plaintiff's pending motion for preliminary injunction, which will be heard before this court on November 7, 2017.

IT IS SO ORDERED.

Dated: __**October 13, 2017**__ _____
UNITED STATES DISTRICT JUDGE