# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>T.G.S. TRANSPORTATION, INC., a California corporation and DOES 1-10,<br><br>Defendant. | Case No. 1:17-cv-01056-DAD-BAM<br><br>ORDER DIRECTING PLAINTIFF TO RESPOND TO DEFENDANT'S *EX PARTE* APPLICATION FOR A PROTECTIVE ORDER ON OR BEFORE **MONDAY, OCTOBER 23, 2017**<br><br>(ECF No. 41)<br><br>ORDER PARTIALLY STAYING DISCOVERY PENDING RESOLUTION OF *EX PARTE* APPLICATION FOR A PROTECTIVE ORDER |

On October 16, 2017, Defendant T.G.S. Transportation, Inc. ("Defendant") filed an *ex parte* application for a protective order to stay discovery until the Court rules on the pending motions for preliminary injunction and to consolidate cases, which are set for hearing on November 7, 2017. (ECF No. 41.) Specifically, Defendant requests that the Court stay the following discovery: (1) the deposition of Defendant's Fed. R. Civ. P. 30(b)(6) witness noticed for October 18, 2017; (2) the deposition of its founder, Mr. Tim Schneider noticed for October 19, 2017; and (3) two document subpoenas served on third-party entities. (Id. at p. 2.) In support of the application, Defendant contends that Plaintiff Roadrunner Intermodal Services, LLC strategically timed this discovery in order to impede Defendant's ability to fully and fairly prepare its response to the preliminary injunction motion, which is due on October 24, 2017.

Having reviewed the application, the Court finds Defendant's *ex parte* application to

have merit on its face. The Court will not countenance gamesmanship in discovery from any party, and therefore finds it necessary to order Plaintiff Roadrunner Intermodal Services, Inc. to file a response to the *ex parte* application. Any such response should address not only the timing and scheduling of the discovery at issue, but also the efficiency and economy of pursuing that discovery prior to resolution of the motion to consolidate and motion for preliminary injunction. As the parties are aware, the Federal Rules of Civil Procedure, including the discovery rules, must be construed, administered and employed not only by the Court, but also the parties "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Court expects and demands that the parties and counsel act with professionalism and cooperation in all aspects of this case, and as relevant to this motion, conduct discovery in a cooperative manner.

Pending resolution of Defendant's application for protective order, the Court will stay discovery between the parties, including the noticed deposition of Defendant's Fed. R. Civ. P. 30(b)(6) witness and the noticed deposition of its founder, Mr. Tim Schneider. However, **assuming** the parties have completed their discovery conference pursuant to Fed. R. Civ. P. 26(f), the Court will not stay third-party discovery at this time.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff Roadrunner Intermodal Services, Inc. shall file a response to Defendant's *ex parte* application for protective order on or before Monday, October 23, 2017; and
2. Pending resolution of the *ex parte* application for protective order, discovery between the parties is STAYED, including the noticed deposition of Defendant's Fed. R. Civ. P. 30(b)(6) witness and the noticed deposition of its founder, Mr. Tim Schneider. Third-party discovery is not stayed at this time.

IT IS SO ORDERED.

Dated: **October 17, 2017**         /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE

2