UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>T.G.S. TRANSPORTATION, INC., a California corporation, and DOES 1-10,<br><br>Defendants. | No. 1:17-cv-01056-DAD-BAM<br><br>ORDER SETTING APPLICANT JEFFREY COX'S EX PARTE APPLICATION TO INTERVENE FOR HEARING<br><br>(Doc. No. 42.) |

On October 16, 2017, defendant-intervenor-applicant Jeffrey Cox filed an ex parte application to intervene as a defendant in this action brought by plaintiff Roadrunner Intermodal Services, LLC ("Roadrunner") against defendant T.G.S. Transportation, Inc. ("TGS"). (Doc. No. 42.) Mr. Cox is the plaintiff in a case he has brought against Roadrunner that is also pending before this court. *See Cox v. Roadrunner Intermodal Services, LLC et al,* Case No. 1:17-cv-01056-DAD-BAM. By order filed September 15, 2017, the two cases were related. (Doc. No. 25.)

Three motions are currently pending before this court in this action: 1) defendant TGS's motion to consolidate the two related cases (Doc. No. 30); 2) plaintiff Roadrunner's motion for preliminary injunction (Doc. No. 32); 3) defendant-intervenor-applicant Cox's ex parte

application to intervene as a defendant. The first two motions are already scheduled to be heard before the undersigned on November 7, 2017.

Defendant-intervenor-applicant Cox has submitted his application to intervene ex parte in order to oppose plaintiff Roadrunner's motion for preliminary injunction. He represents that his ex parte application "is based on exigent circumstances in that a preliminary injunction is currently scheduled to be heard on November 7, 2017 that will irreparably prejudice Mr. Cox." (Doc. No. 42 at 1.) Mr. Cox asserts that he has substantial interests that will be impaired in this litigation, because the remedies sought by plaintiff Roadrunner would prevent him from being employed by defendant TGS, as well as other freight and hauling related companies. (*Id.* at 4.) He also argues that intervention is necessary because defendant TGS cannot adequately represent his individual interests in remaining employed with either TGS or another freight and hauling company at the hearing on Roadrunner's motion for preliminary injunction. Counsel for defendant TGS has consented to Mr. Cox's application to intervene, but plaintiff Roadrunner has not.

The court notes that on October 10, 2017, plaintiff Roadrunner submitted an ex parte application to shorten time for the hearing on its motion for preliminary injunction. (Doc. No. 34.) Although that application for an order shortening time was denied (Doc. No. 40) on October 13, 2017, the court recognizes that plaintiff Roadrunner has a significant interest in a timely hearing on its motion for preliminary injunction and would not wish to delay the hearing on that motion until the other two pending motions are resolved.

In order to balance the parties' competing concerns, the court will schedule all three pending motions for a hearing on November 7, 2017. All parties, including defendant-intervenor-applicant Cox, are directed to submit oppositions and replies according to the briefing schedule outlined in Local Rule 78-230 with respect to defendant TGS's motion to consolidate the two related cases (Doc. No. 30) and plaintiff Roadrunner's motion for preliminary injunction (Doc. No. 32). Any opposition to defendant-intervenor-applicant Cox's ex parte application to intervene shall be submitted by October 27, 2017, with any replies to be filed by November 1,
/////

2

2017.[1]  This court will rule on all three motions in due course following the November 7, 2017 hearing.

IT IS SO ORDERED.

Dated:  **October 18, 2017**

UNITED STATES DISTRICT JUDGE

---

[1] In this regard, were the court to determine that the motion to intervene should be denied it could strike and disregard Cox's opposition to Roadrunner's motion for preliminary injunction if that were deemed appropriate.

3