KURT A. KAPPES – SBN 146384
kappesk@gtlaw.com
MICHAEL D. LANE – SBN 239517
lanemd@gtlaw.com
SEAN A. NEWLAND – SBN 300928
newlands@gtlaw.com
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709

Attorneys for Plaintiff
ROADRUNNER INTERMODAL SERVICES, LLC

McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Scott J. Ivy, #197681
scott.ivy@mccorrnickbarstow.com
Shane G. Smith, #272630
shane.smith@mccormickbarslow.com
7647 North Fresno Street
Fresno, California 93720
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

Attorneys for Defendant, T.G.S. TRANSPORTATION, INC., a California corporation

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>T.G.S. TRANSPORTATION, INC., a California corporation, and DOES 1-10,<br><br>Defendants. | CASE NO. 1:17-CV-01056-DAD-BAM<br><br>**STIPULATED PROTECTIVE ORDER** |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information. Special protection from public disclosure and use for any purpose other than prosecuting this litigation may be warranted. Plaintiff ROADRUNNER INTERMODAL SERVICES, LLC ("Roadrunner") and Defendant T.G.S. TRANSPORTATION, INC. ("TGS") have therefore agreed to the terms of the Stipulated Protective Order ("Order") as set forth below.

Roadrunner and TGS (each a "Party" and collectively the "Parties") enter into this Order to protect the confidential, proprietary, or private information described below, as contemplated by Federal Rule of Civil Procedure ("FRCP") 26(c). Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Order under Civil Local Rule 141.1(c)(3). The Parties acknowledge that the Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items entitled to confidential treatment under this Order or applicable legal principles.

The nature of the claims involved in this action may require discovery into competitively sensitive information, including potentially from third parties. A private agreement between the Parties would be insufficient to alleviate the Parties' concerns that such information remain confidential. Good cause exists for entry of a protective order to prevent unauthorized disclosure and use of such information of Parties and Non-Parties during the litigation and after it has been concluded. A protective order will also facilitate timely production of material from both Parties and Non-Parties. Given these concerns, the Parties respectfully request the entry of this Order by the Court.

2. **DEFINITIONS**

2.1. **"CONFIDENTIAL" Information or Items:** Information (regardless of how generated, stored, or maintained) or tangible things that a Party or Non-Party reasonably and in good faith believes to contain confidential or proprietary information that is not publicly available (such as commercial, financial, trade secret, or other sensitive information) and that are treated confidentially by a Party or Non-Party.

2.2. **Designating Party:** A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL — ATTORNEYS' EYES ONLY."

    2.3. **Disclosure or Discovery Material:** All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.4. **Expert:** A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Outside Counsel to serve as an expert witness or consultant in this action and who is not a current or former employee of a Party or of a competitor of a Party.

    2.5. **"HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information and Items:** Competitively sensitive "CONFIDENTIAL Information or Items," the disclosure of which would result in the disclosure of Information only known on a "need-to-know basis" and generally not known by individuals or entities not affiliated with a Party, and would cause injury to the producing Party's commercial or competitive interests. There is a particularized need for this Information to be covered by the Order to protect its highly sensitive and confidential nature, as disclosure could create a substantial risk of harm to the Designating Party that could not be avoided by less restrictive means.

    2.6. **Information:** Any document (whether in hard copy or a computer readable form), or portion thereof, any type of evidence, any form of discovery contemplated under FRCP 26 through 36, or any other information given in writing or orally.

    2.7. **Non-Party:** Any person or entity that is not a Party that produces Disclosure or Discovery Material in this action.

    2.8. **Outside Counsel:** Attorneys with the firms of Greenberg Traurig, LLP and McCormick Barstow, LLP, and any other firm(s) subsequently appearing in this action on behalf of a Party.

    2.9. **Producing Party:** A Party or Non-party that produces Disclosure or Discovery Material in this action.

    2.10. **Professional Vendors:** Persons or entities that provide litigation support services (including but not limited to photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, and retrieving data in any form or medium), as well as their employees and subcontractors.

2.11. **Protected Material:** Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

2.12. **Receiving Party:** A Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Order cover Protected Material and Information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Outside Counsel to or in Court proceedings or in other settings that might reveal Protected Material.

4. **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or the Court's order otherwise directs.

5. **DESIGNATING PROTECTED MATERIAL**

   5.1. **Exercise of Restraint and Care in Designating Material for Protection.**

Each Producing Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of the material, documents, items, or oral or written communication that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiability within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

   5.2. **Manner and Timing of Designations.**

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

**Information in documentary form** (*e.g.*, paper or electronic documents, excluding transcripts of depositions or other pretrial or trial proceedings): The Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material, in such a manner that will not interfere with the legibility of the document.

**Testimony given in deposition or in other pretrial or trial proceedings:** All depositions or portions of depositions taken in this action, including exhibits thereto, that discuss, contain, or constitute Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" may be similarly designated. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within twenty-one (21) days following receipt of the transcript to do so. Only those portions of the testimony that are appropriately designated for protection within the twenty-one (22) days following receipt of the transcript shall be covered by the provisions of this Order. Until expiration of the aforesaid twenty-one (21) day period, all deposition transcripts shall be considered and treated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY", unless otherwise agreed on the record at the deposition.

The deposition of any witness (or any portion of such deposition) that encompasses Information designated "Confidential" or "Confidential – Attorneys' Eyes Only" shall be taken only in the presence of persons who are qualified to have access to such information.

Transcript pages containing Protected Material must be separately identified by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

**Information produced in some form other than documentary and for any other tangible items:** The Producing Party shall affix, in a prominent place on the exterior of the container or containers in which the information or item is stored, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying

whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ¬ATTORNEYS' EYES ONLY." When a tangible object is produced for inspection subject to this Order, a photograph thereof shall be produced at the time of inspection labeled with the desired designation. Thereafter, any knowledge learned or obtained as a result of the inspection shall be subject to this Order in accordance with the designation.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    6.1. **Timing of Challenges:** Unless a prompt challenge to Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2. **Challenge Procedure:** Should a dispute arise between the Parties regarding a confidentiality designation, the Parties hereby agree that such dispute will be resolved in accordance with Civil Local Rule 251. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1. **Basic Principles:** A Receiving Party may use Protected Material disclosed or produced by another Party or Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Treatment of Protected Material by Outside Counsel in conformity with the a designation shall not be construed in any way as an admission or agreement by any Party that the designated Information in fact or in law constitutes or contains any proprietary or confidential information.

    The designation of any Information as being "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY" pursuant to this Order shall not relieve the Designating Party from the burden imposed by the relevant substantive law.

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order, and must be stored and maintained by a Receiving Party at a location and in a secure manner that is consistent with the firm's storage of client files. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

7.2. **Disclosure of "CONFIDENTIAL" Information or Items:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel and their office associates, paralegals, legal assistants, stenographic and clerical employees, and Professional Vendors hired in the ordinary course of representation to whom disclosure is reasonably necessary;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" attached hereto as Exhibit A;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to be Bound" attached hereto as Exhibit A;

(d) the Court and its personnel;

(e) court reporters retained to transcribe testimony and their staffs;

(f) the author of the document, the original source of the Information, or persons who received it; and

(g) mediators or other ADR professionals agreed on and retained by the Parties.

7.3. **Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEY'S EYES ONLY" Information or Items:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to the persons designated in paragraphs 7.2(a), (c), (d), (e), and (f).

7.4. **Identifiable Persons:** Opposing counsel shall be notified at least 14 days before disclosure to any witness in the action or person who is known to be or will be at the time of receipt of

confidential Information an employee or agent of, or consultant to, any competitor of the Party whose designated documents are sought to be disclosed ("Identifiable Person"). Identifiable Persons shall not include the categories of persons referenced in Paragraphs 7.2(a)-(g) above. The Party or attorney intending to provide confidential Information to such Identifiable Person shall notify counsel for the other Parties of such intent, shall require such Identifiable Person to execute the "Acknowledgement and Agreement to be Bound" attached hereto as Exhibit A, and shall forward to opposing counsel a copy of the "Acknowledgement and Agreement to be Bound" executed by such Identifiable Person, together with such Identifiable Person's current CV and a list of such Identifiable Person's current and prior consulting relationships within the last five (5) years, at least 14 days prior to the proposed disclosure of confidential Information to such Identifiable Person. If any Party objects in writing to the proposed disclosure to such Identifiable Person within 14 days of receiving such notice, the disclosure may not be made without prior approval by the objecting Party or the Court. The Parties shall make a good faith effort to reach an agreement regarding the proposed disclosure. If an agreement cannot be reached, the objecting Party shall, within 7 days after the objection, move the Court for an order restricting such Identifiable Person's access to confidential Information. Failure to move the Court for such an order within 7 days after the objection shall be deemed approval of the proposed disclosure. If an objection is made and followed by a motion to the Court within 7 days after the objection, no disclosure of confidential Information to such Identifiable Person shall be made until the Court approves the disclosure.

8. **PROTECTED MATERIAL SOUGHT IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in another litigation that would compel disclosure of any Information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party must promptly notify the Designating Party, in writing, within sufficient time to allow the Designating Party to seek relief to stop the production of such Protected Material. Such notification must include a copy of the subpoena or court order.

The purpose of imposing this duty is to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Order and provide a copy of this Order, and (d) require such person(s) execute the "Acknowledgment and Agreement to be Bound" attached hereto as Exhibit A.

10. **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. Whenever any writing, testimony, Information, or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" is to be filed with the Court, the Parties shall follow the procedures for filing records under seal set forth in Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 140, where possible, a Party must also seek to publicly file material with the Protected Material redacted, provided that the Court has also granted the filing of an unredacted copy of the material under seal.

In connection with any motion filed with the Court, only those portions of a Party's submission (*e.g.*, memorandum of law, affidavit, and exhibits) which meet the requirements for treatment of requirements for treatment of protection from public filing shall be filed under seal. Designation of material as confidential or protected by any Party pursuant to a protective order as the sole basis for filing the material under seal shall not satisfy this requirement. With respect to any submission filed with the Court which is sealed and posted on ECF with a placeholder, the sealed submission shall be sent electronically or hand delivered to all Parties and <u>hand delivered to the Court</u> contemporaneously with the documents being posted on ECF.

11. **INADVERTENT PRODUCTION OF PROTECTED MATERIAL**

Notwithstanding anything contrary herein, if a Party or Non-Party through inadvertence or mistake produces any Protected Material without designating it with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Producing Party may give written notice to the Receiving Party that the Disclosure or Discovery Material contains Protected Material and should be treated as such in accordance with the provisions of this Order. Upon receipt of such notice, the Receiving Party must treat such Disclosure or Discovery Material as Protected Material and shall make reasonable efforts to retrieve any such Information distributed to unauthorized persons. Outside Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." The inadvertent or unintentional disclosure by the Producing Party of Protected Material, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in party of the Producing Party's claim of confidentiality either as to the specific information disclosed, or as to any other information relating thereto or on the same or related subject matter. The Receiving Party shall not be responsible for the disclosure or other distribution of belatedly designated Protected Material as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Order.

All inadvertent disclosures of Information that is privileged or otherwise immune from discovery shall be subject to the requirements and procedures detailed in Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent disclosures shall not constitute waiver of, or estoppel as to, or otherwise prejudice any claim of such privilege or immunity.

12. **MISCELLANEOUS**

   12.1. **Right to Further Relief:** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future, and nothing in this Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

   12.2. **Right to Assert Other Objections:** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on

any ground not addressed in this Order. Similarly, no action taken in accordance with this Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability, admissibility, or relevance of evidence.

12.3. **Change in Designation:** Any Party may request a change in the designation of any Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY". Any such Information shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the Party seeking the change may move the Court for relief, providing notice to any third party whose designation of produced Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY" in the action may be affected. The Party asserting that the Information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY" shall have the burden of proving that the Information in question is within the scope of protection afforded by FRCP 26(c) and that it must be treated with the designated level of confidentiality.

13. **FINAL DISPOSITION**

Within sixty (60) days after the final termination of this action (including any appeals), a Receiving Party shall, upon written notice from the Designating Party, either return or certify in writing to the Producing Party that all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information has been destroyed, including all tangible copies of extracts of data taken from such Information, and that commercially reasonable efforts have been taken to remove electronic copies of such Information, from any computer, server, or communication device. The written certification shall state that the Receiving Party has not retained copies of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY" information, except that Outside Counsel are entitled to retain an archival copy of all pleadings, motions, papers, transcripts, legal memoranda, correspondence, or attorney work product that may contain such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information. Archival copies shall, however, remain subject to this Order, as set forth in Section 4 above.

Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any Information designated "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY" from the office of the Clerk of Court. Following that 60-day period, the Clerk of Court shall destroy all Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY".

DATED: October 11, 2017

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By:   /s/ Scott J. Ivy (as authorized 10/11/17)
Scott J. Ivy
Shane G. Smith
Attorneys for Defendant, T.G.S. TRANSPORTATION, INC.,
a California corporation

DATED: October 11, 2017

GREENBERG TRAURIG, LLP

By:   /s/ Kurt A. Kappes
Kurt A. Kappes
Michael D. Lane
Sean A. Newland
Attorneys for Plaintiff, ROADRUNNER INTERMODAL SERVICES, LLC, a
Delaware limited liability company

# EXHIBIT A

# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY

# STIPULATION FOR PROTECTIVE ORDER

I hereby certify that I have reviewed and understand the attached Stipulation for Protective Order entered into between Plaintiff Roadrunner Intermodal Services, LLC and Defendant T.G.S. Transportation, Inc. and that I, being a person covered under paragraphs 7.2(b) and (c), 7.4 or 9 of that Stipulation, agree to comply with the terms of the Stipulation and to submit to the jurisdiction of the United States District Court for the Eastern District of California should I violate the terms of that Stipulation.

I further certify that I am authorized to sign this Stipulation on behalf of any entity listed below in which I am employed and, in doing so, bind not only myself, but also all other personnel of such entity to whom it is necessary that the material be shown and/or shared for the purposes of this litigation, and that I will take reasonable steps to ensure compliance by such other personnel with this Stipulation.

Date: _____

_____
Signature

_____
Printed Name of Signatory

_____
Name of Employer

_____
Address

**ORDER**

In addition to the above Stipulation between the parties—which the Court adopts in its entirety—the Court further ORDERS parties seeking to file a document falling within this Protective Order to comply with Local Rules 141 and 141.1. Within five (5) days of a written order of the Court allowing a document to be filed under seal, the party shall file a redacted copy of the document so filed. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

IT IS SO ORDERED.

Dated: **October 23, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE