# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>T.G.S. TRANSPORTATION, INC., a California corporation and DOES 1-10,<br><br>Defendant. | Case No. 1:17-cv-01056-DAD-BAM<br><br>ORDER GRANTING IN PART AND DENYING IN PART NON-PARTY MINTURN NUT CO., INC.'S *EX PARTE* MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER<br><br>(ECF No. 51) |

On October 25, 2017, non-party Minturn Nut Co., Inc. ("Minturn") filed an *ex parte* motion pursuant to Federal Rule of Civil Procedure 45 for an order to quash a subpoena issued by Plaintiff Roadrunner Intermodal Services, LLC ("Roadrunner") on October 20, 2017, for a protective order excusing Minturn from attending a deposition noticed for October 30, 2017 and for sanctions. (ECF No. 51.) Following review of the moving papers, the Court directed Roadrunner, on shortened time, to file a written response limited to Minturn's *ex parte* motion to quash the subpoena and for protective order. (ECF No. 52.) On October 26, 2017, Roadrunner filed its opposition to Minturn's *ex parte* motion. (ECF No. 53.)

Having considered the moving and response papers, and for the reasons that follow, Minturn's *ex parte* motion to quash and for a protective order shall be granted in part and denied

1

in part.[1]

## I. Minturn's *Ex Parte* Motion to Quash Subpoena

### A. Brief Background

Minturn first moves to quash Roadrunner's subpoena for Minturn's business records and related deposition. On October 13, 2017, Roadrunner served a subpoena on Minturn requesting documents created after January 1, 2017 concerning or exchanged with Jeffrey Cox, Roadrunner, or Defendant T.G.S. Transportation, Inc. (ECF No. 54-1, Ex. A to Declaration of Sean Newland ("Newland Decl.").)[2] The subpoena requested production on October 23, 2017. (Id.)

On October 20, 2017, Minturn's counsel spoke with Roadrunner's counsel regarding the scope of the document requests and Minturn's need for additional time to produce documents. (Id. at ¶ 4.) Minturn's counsel indicated that it was Minturn's busy season and that complying with the document request would take some time. Minturn requested until November 15, 2017 to provide documents. (ECF No. 51-2, Declaration of Michael L. Wilhelm ("Wilhelm Decl."), ¶¶ 5, 8-11.)

Later that day, Roadrunner served Minturn with a revised subpoena, which included a request for deposition testimony from a Federal Rule of Civil Procedure 30(b)(6) witness and a revised document request. (Newland Decl. at ¶ 5.) The new subpoena noticed the 30(b)(6) deposition for October 30, 2017, and requested production of documents by October 23, 2017. (Id at ¶ 6 and Ex. B.) However, Roadrunner also indicated to Minturn's counsel that it could agree to extend the production deadline to October 28, 2017. (Id. at ¶ 5 and Ex. C to Wilhelm Decl.)

On October 23, 2017, Minturn's counsel requested that the 30(b)(6) deposition be moved into the week of November 6, 2017, and offered to produce documents on a rolling basis. (Wilhelm Decl. at ¶¶ 15, 16.) Roadrunner's counsel indicated that it was important that the deposition occur earlier and asked if Minturn could provide a witness for deposition on

---

[1] Given the expedited nature of the briefing, the Court declines to address the request for sanctions at this time.
[2] On October 17, 2017, pending resolution of an ex parte application for a protective order filed by Defendant T.G.S. Transportation, Inc., the Court stayed discovery between the parties to this action. However, the stay did not encompass third-party discovery. (ECF No. 43.)

1  November 2 or 3, 2017. Roadrunner's counsel also expressed a willingness to work with
2  Minturn on the document production, and could agree to production on a rolling basis.
3  (Newland Decl. at ¶ 7.)

4  On October 24, 2017, Minturn's counsel indicated that it could provide witness Susan
5  Vizcarra on November 8 or 9, 2017, and that counsel would start forwarding requested
6  documentation. (Id. at ¶ 8 and Ex. C to Wilhelm Decl.) In response, Roadrunner's counsel
7  indicated that Roadrunner could not agree to November 8 or 9, and that the deposition could
8  either stay on the current date or be re-noticed for November 2, 2017. Roadrunner's counsel
9  believed that Roadrunner might need to use the Minturn deposition at the hearing on its motion
10 for preliminary injunction on November 7, 2017. (Id. at ¶ 9 and Ex. C to Wilhelm Decl.)

11 On October 25, 2017, Minturn filed the instant *ex parte* motion, arguing that the time
12 period to comply with Roadrunner's demand for production was unreasonable and the breadth of
13 the document requests are unreasonable and overly broad.³ (ECF No. 51.)

14 In its opposition filed on October 26, 2017, Roadrunner contends that it acted reasonably
15 in seeking evidence critical to its preliminary injunction motion set for hearing on November 7,
16 2017. Roadrunner asserts that it needs to have Minturn's responsive documents and deposition
17 testimony in advance of that hearing because (1) Minturn's designated 30(b)(6) witness, Susan
18 Vizcarra, submitted a declaration in support of Defendant T.G.S. Transportation, Inc.'s
19 opposition to the preliminary injunction motion;⁴ and (2) TGS has made clear that it intends to
20 argue that neither TGS nor Mr. Cox solicited Minturn to leave Roadrunner and come to TGS.
21 (ECF No. 54 at p. 4.) Roadrunner asserts that it should be allowed the opportunity to cross-
22 examine Ms. Vizcarra and Minturn Nut regarding her declaration. Roadrunner also expects that
23 the document requests and 30(b)(6) deposition topics likely will uncover additional relevant,
24 admissible evidence confirming that TGS and Jeffrey Cox solicited Minturn to come to TGS as
25 early as the day after Jeffrey Cox left Roadrunner, along with representations that Jeffrey Cox

---

³ Minturn also argues that service of the subpoena was defective, citing Rule 45(b)(1). However, Minturn provides no supporting argument or explanation of any asserted defect.
⁴ Susan Vizcarra is Jeffrey Cox's aunt through marriage. (ECF No. 54 at p. 4, n. 1 and Ex. C; ECF No. 48-3, ¶ 3.)

made to Minturn regarding Roadrunner and TGS in violation of Jeffrey Cox's contractual obligations. (Id.)

### B. Legal Standard

Federal Rule of Civil Procedure 45 governs the business records subpoena and deposition subpoena at issue here. Rule 45 provides that a party or attorney responsible for issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The court must enforce this duty and imposes an appropriate sanction on a party or attorney who fails to comply. Id. Rule 45(c)(3)(A) sets forth the bases for a court to quash or modify a subpoena. It provides, in pertinent part, as follows:

> [o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A).

### C. Discussion

Minturn first contends that the court should quash the October 20, 2017 subpoena because it allowed only one business day to produce documents, which is not a reasonable time to comply. The October 20, 2017 subpoena at issue noticed the 30(b)(6) deposition for October 30, 2017, and requested production of documents by October 23, 2017. (ECF No. 54-1, Ex. B to Newland Decl.). Rule 45 does not identify how much time must be allowed between service of a subpoena and compliance date, stating only that the subpoena must allow for a "reasonable time" to comply. Fed. R. Civ. P. 45(c)(3)(A)(i).

While a response time of one business day for production of documents does not appear reasonable, it is evident from the record that Roadrunner originally served the business records subpoena on October 13, 2017, with a compliance date 10 days later. Roadrunner issued the October 20, 2017 subpoena only after meet and confer discussions with Minturn's counsel in an

effort to target a smaller number of documents. Both subpoenas required the production of documents by October 23, 2017. Roadrunner subsequently agreed to extend the production deadline to October 28, 2017, while also agreeing to accept a rolling production. The Court finds the time for response of October 28, 2017, which is fourteen (14) days after issuance of the original business records subpoena, to be reasonable. "Service of subpoenas at least 10 days before the deposition or production is customary, but not mandatory." See Bonzani v. Shinseki, No. 2:11-CV-00007-EFB, 2014 WL 2521849, at *4 (E.D. Cal. June 4, 2014) (quotations and citation omitted) (finding 14-day response time for production of documents reasonable).

Minturn also argues that responding to the documents requests is unduly burdensome and the requests are overly broad. Throughout its moving papers, Minturn contends that it cannot meet the subpoena deadlines for production because it is not only Minturn's busy season as an almond processor, but also because the production requests would involve a number of employees searching thousands of e-mails in order to comply those requests. Minturn also seeks to limit the scope of document requests to the subject matter of the lawsuit, and omit purely personal communications between Ms. Vizcarra and Jeffrey Cox.

Roadrunner counters that its request for production is limited to Minturn's dealings with just three parties: Roadrunner, TGS and Mr. Cox, and Roadrunner is willing to accept a rolling production. Roadrunner also asserts that Minturn is not a large company with hundreds of employees that may have potentially responsive documents. Additionally, Roadrunner believes that given the limited subject matter at issue, it is unlikely that a deposition of Ms. Vizcarra would require more than a few hours of time. (ECF No. 54 at p. 6.)

Consideration of undue burden under Rule 45 requires the court to weigh the burden of the subpoenaed party against the requested information's relevancy, need of the serving party for the information, the breadth of the information requested, the time period covered by the request, and the particularity with which the request is made. Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005).

Weighing the burden to non-party Minturn against the value of the information to Roadrunner, the Court finds the subpoena imposes an undue burden on non-party Minturn. The

document requests at issue are not as limited in scope as suggested by Roadrunner. Indeed, the requests date back to January 1, 2017, and broadly include all documents and communications referring or relating to Mr. Cox or TGS. (Ex. B to Newland Decl.) The Court will therefore grant the motion quash the October 20, 2017 subpoena to the extent it seeks Minturn, as a business entity, to respond to the document requests.[5] However, given Roadrunner's immediate need to cross-examine Ms. Vizcarra regarding her declaration submitted in opposition to Roadrunner's motion for preliminary injunction and to obtain related documentary evidence, the Court will not quash the business records subpoena at issue to the extent that Ms. Vizcarra has documents responsive to the requests. The Court also will not issue a protective order to excuse her appearance at the deposition, which Roadrunner has represented should not require more than a few hours of time.

## II. Conclusion and Order

For the reasons stated, Minturn's *ex parte* motion to quash subpoena and for a protective order is GRANTED IN PART and DENIED IN PART as follows:

1. The motion quash the October 20, 2017 subpoena is granted to the extent it seeks Minturn, as a business entity, to respond to the document requests;
2. The motion to quash and request for protective order to excuse Ms. Vizcarra's appearance at the deposition is denied;
3. Ms. Vizcarra will be required to appear at the noticed deposition and produce any documents that she has responsive to the subpoena requests.

IT IS SO ORDERED.

Dated: **October 26, 2017**              /s/ *Barbara A. McAuliffe*
                             UNITED STATES MAGISTRATE JUDGE

---

[5] By this order, the Court does not intend to preclude Roadrunner from seeking future discovery from non-party Minturn relevant to this action.