UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>T.G.S. TRANSPORTATION, INC., a California corporation, and DOES 1-10,<br><br>Defendants. | No. 1:17-cv-01056-DAD-BAM<br><br>ORDER DENYING DEFENDANT T.G.S. TRANSPORTATION, INC.'S REQUEST TO SEAL<br><br>(Doc. No. 53) |

On October 24, 2017, defendant T.G.S. Transportation, Inc. ("TGS") filed an opposition to Roadrunner Intermodal Services, LLC's ("Roadrunner") motion for preliminary injunction (Doc. No. 48). The following day, defendant TGS advised the court it had mistakenly filed and served unredacted versions of the opposition. TGS also filed a request to seal or redact portions of its opposition to the motion for preliminary injunction (Doc. No. 53), including portions of the opposition brief and excerpts from two depositions. (Doc. No. 48-1, Ex. A–B.) On October 31, 2017, defendant TGS submitted a supplemental declaration from attorney Shane Smith that included proposed redacted copies of the documents at issue. (Doc. No. 59.) No opposition to the motion to seal was filed by plaintiff. For the reasons that follow, defendants' request for filing under seal is denied.

1

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court orders such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). The reason for the difference between the two standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 678 (9th Cir. 2010) (quotations omitted).

Under the "compelling reasons" standard applicable to dispositive motions such as the one at issue here:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks, omissions, and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

While courts frequently use the terms "dispositive" and "non-dispositive" motions in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In some instances, the proposed filing of documents under seal in connection with non-dispositive motions for preliminary injunction, for sanctions, or in limine, may be subject to the "compelling reasons" test, predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)). Specifically, requests to seal documents relating to preliminary injunctions have been found by the Ninth Circuit to "more than tangentially relate[] to the merits" because success on such a motion may essentially resolve claims or portions thereof. *See Center for Auto Safety, LLC*, 809 F.3d at 1102.

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

**DISCUSSION**

Here, defendant TGS has not presented compelling reasons warranting the filing of the documents in question under seal. Believing they needed to satisfy only a showing of "good cause," defendants have provided neither argument nor authority as to why their request

3

demonstrates "compelling reasons" in support of sealing. Defendants merely state that the documents "contain information that Roadrunner considers its confidential information, and which Roadrunner has requested be filed under seal pursuant to Paragraph 10 of the Stipulated Protective Order entered in this case." (Doc. No. 53 at 2.) Of course, that Roadrunner considers the information in question to be confidential cannot be dispositive. Defendant's argument that sealing is proper in light of the parties' existing protective order is also unpersuasive. The stipulated protective order entered in this case does not identify or discuss the "compelling reasons" standard, meaning that the presumption of access to court records has not been rebutted. *See Gregory v. City of Vallejo*, No. 2:13-CV-00320-KJM, 2014 WL 4187365, at *3 (E.D. Cal. Aug. 21, 2014); *see also Kamakana*, 447 F.3d at 1183 (concluding that "[a]lthough the magistrate judge expressly approved and entered the protective order, the order contained no good cause findings as to specific documents that would justify reliance by the United States" and, therefore, "the claimed reliance on the order is not a compelling reason that rebuts the presumption of access" (citations and internal quotation marks omitted)).

## CONCLUSION

Accordingly, defendant's request to seal and/or redact portions of the opposition papers to the motion for preliminary injunction (Doc. No. 53) is denied.

IT IS SO ORDERED.

Dated: **November 3, 2017**

_____
UNITED STATES DISTRICT JUDGE