UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>T.G.S. TRANSPORTATION, INC., a California corporation, and DOES 1-10,<br><br>Defendants. | No. 1:17-cv-01056-DAD-BAM<br><br>ORDER DENYING DEFENDANT T.G.S. TRANSPORTATION, INC.'S REQUEST TO SEAL<br><br>(Doc. No. 75) |

Following a motions hearing on November 7, 2017, the court issued a minute order denying plaintiff Roadrunner Intermodal Services, LLC's ("Roadrunner") request to file documents under seal, without prejudice to the filing of a request to seal making the required showing. (Doc. No. 72.) On November 13, 2017, plaintiff Roadrunner filed a supplemental notice of request to seal documents. (Doc. No. 75.) Therein, Roadrunner requests that the court order filed under seal redacted portions of what it deems confidential documents that were previously submitted to the court under seal on October 9, 26, and 31, 2017. (Doc. No. 75.)[1] No

---

[1] The court is somewhat uncertain as to the precise nature of Roadrunner's request. Because filing redacted documents under seal would make little sense, the court assumes that Roadrunner seeks an order permitting the filing of a redacted version of the documents in question on the public docket. In any event, the precise nature of the request does not impact the court's ruling in light of the showing made in support thereof.

1

opposition to the supplemental request for sealing has been filed by other parties.

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court orders such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). The reason for the difference between the two standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 678 (9th Cir. 2010) (quotations omitted).

Under the "compelling reasons" standard applicable to dispositive motions such as the motion for preliminary injunction before the court in this action:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court

> decides to seal certain judicial records, it must base its decision on
> a compelling reason and articulate the factual basis for its ruling,
> without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks, omissions, and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

While courts frequently use the terms "dispositive" and "non-dispositive" motions in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or in limine, though such motions are not dispositive, may be subject to the "compelling reasons" test, predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)). Requests to seal documents relating to preliminary injunctions have been found by the Ninth Circuit to "more than tangentially relate[] to the merits" because success in the motion for preliminary injunction would have resolved a portion of the claims in the underlying complaint. *Center for Auto Safety, LLC*, 809 F.3d at 1102.

"In general, 'compelling reasons' sufficient to ... justify sealing court records exist when such 'court files might ... become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

/////

/////

3

## DISCUSSION

Roadrunner argues that the documents it wishes to file under seal include information that might harm its competitive standing, thus presenting a compelling reason for the court to seal such documents. (Doc. No. 75 at 2.) Plaintiff specifies that it seeks to protect confidential and propriety business information, including financial information, customer names, customer account information, and employee contact information, that if released, would create a "competitive disadvantage for Roadrunner and/or substantial risk of harm to its legitimate business interests." (Pl.'s Supp. Req. to Seal Documents. at 2.) In support of its motion, Roadrunner has submitted to the court a seven-page list of items which it requests detailed redactions across 634 pages of documents. (Decl. of Michael Lane.) The seven-page list of redaction requests provides general explanations for why Roadrunner is making its redaction requests but fails to articulate the factual basis for any claim of compelling reason to grant the request.[2]

First, plaintiff requests redactions for what it deems to be confidential "financial information." This appears to be a catch-all category employed by plaintiff to include information such as Roadrunner's yearly revenue, alleged lost revenue from former Roadrunner customers, and rates of Central Cal. Plaintiff merely states in conclusory fashion that this information is "confidential," but does not provide any support for its contention that public filing of this information would harm its competitive standing. Moreover, the cases cited by plaintiff in support of its request do not persuade the court that all of what it deems its "financial information" should be submitted to the court under seal. Requests to seal were granted *In re Hydroxycut Mktg. & Sales Practices Litig.* because the court agreed that "detailed financial information…information that was provided on tax returns…detailed information about a profit-sharing plan, [and] pricing information of a retailer" was properly protected from public disclosure. *See* Case No. 09MD2087 BTM AJB, 2011 WL 3759632, at *1 (S.D. Cal. Aug. 25,

---
[2] Plaintiff's requested redactions do not fall within the list of items that can be omitted pursuant to Local Rule 140 (a). The court presumes this is why the request has been made as one for sealing.

2011). Plaintiff Roadrunner has not established that the information it wishes to redact and protect from public disclosure is similar in nature or that it is detailed, sensitive in nature, or will be used for improper purposes if disclosed on the public docket. Though courts have found that pricing information may be a trade secret, such a determination is fact specific, and plaintiff has failed to make the required fact specific, non-conclusory showing of the need for sealing here. *See In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 256 (S.D.N.Y. 2009) (denying a request to seal pricing information because the requesting party failed to show specific facts that disclosure would be damaging).

Next, plaintiff requests that it be allowed to redact customer names and customer account information, but does not explain the compelling reason why that information should be kept from the public. Courts have found that "[a] customer list may qualify as a trade secret because of its 'economic value' when its disclosure would allow a competitor to direct its sales efforts to those customers who have already shown a willingness to use a unique type of service or product as opposed to a list of people who only might be interested and [the parties] took reasonable steps to protect this information." *Mezzadri v. Med. Depot, Inc.*, No. 14-CV-2330-AJB-DHB, 2015 WL 12564223, at *2 (S.D. Cal. Dec. 18, 2015) (internal citations omitted). However, plaintiff has not attempted to make any showing here that the customer names and account information in question constitute a customer list, much less a trade secret. Accordingly, the court cannot find that a compelling showing of the need for sealing such information has been made.

Finally, plaintiff requests that it be allowed to redact Roadrunner employee contact and salary information from its public filings, but does not come forward with either articulable facts showing why such information should be subject to redaction or any authority supporting that request. For these reasons, the court concludes that no compelling showing of the need for redactions in plaintiff's filings has been made.

/////

/////

/////

/////

**CONCLUSION**

For all the reasons set forth above, plaintiff's supplemental request to seal documents (Doc. No. 75) and/or to redact portions of Roadrunner's motion for preliminary injunction, T.G.S. Transportation Inc.'s opposition to plaintiff's motion for preliminary injunction, and Roadrunner's reply in support of motion for preliminary injunction is denied without prejudice.

IT IS SO ORDERED.

Dated: **November 29, 2017**

UNITED STATES DISTRICT JUDGE