UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>T.G.S. TRANSPORTATION, INC., a California corporation, and DOES 1-10,<br><br>Defendants. | No. 1:17-cv-01056-DAD-BAM<br><br>ORDER GRANTING PLAINTIFF'S SECOND SUPPLEMENTAL REQUEST TO SEAL DOCUMENTS<br><br>(Doc. No. 84) |

Following the November 7, 2017 hearing on various motions in this action, the court issued a minute order denying plaintiff's request to file documents under seal in connection with its motion for preliminary injunction, without prejudice to the filing of a request to seal making the required showing. (Doc. No. 72.) On November 13, 2017, plaintiff Roadrunner Intermodal Services, LLC ("Roadrunner") filed a supplemental notice of request to seal documents. (Doc. No. 75.) Therein, Roadrunner requested that the court issue an order authorizing the filing under seal of redacted portions of what plaintiff Roadrunner deemed to be confidential documents that were previously submitted to the court under seal on October 9, 26, and 31, 2017. (Doc. No. 75.) On November 30, 2017, the court again denied plaintiff's request for sealing, without prejudice, noting that the renewed motion merely provided general explanations in support of the redaction

1

requests, but failed to articulate the factual basis for any claim of a compelling reason for filing under seal. (Doc. No. 82 at 4.)

On December 7, 2017, Roadrunner filed a second supplemental request to seal documents (Doc. No. 84) which is now before the court.

## LEGAL STANDARD

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").[1] "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 678 (9th Cir. 2010) (quotations omitted).

/////

---

[1] Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

Under the "compelling reasons" standard applicable to dispositive motions such as plaintiff's motion for preliminary injunction which is at issue here:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks, omissions, and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or in limine – though such motions are not dispositive – may be governed by the "compelling reasons" test, predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)). In keeping with this principle, requests to seal documents relating to motions for a preliminary injunction have been found by the Ninth Circuit to "more than tangentially relate[] to the merits" because success on the motion for a preliminary injunction would have resolved a portion of the claims in the underlying complaint. *Center for Auto Safety, LLC*, 809 F.3d at 1102.

"In general, 'compelling reasons' sufficient to ... justify sealing court records exist when such 'court files might ... become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* "The

3

'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

**DISCUSSION**

In its second supplemental request, plaintiff Roadrunner moves for authorization to redact[2] portions of ten separate documents (Doc. Nos. 32(a–g); 48(a–b); 61(a)) and provides explanations for why each requested redaction is appropriate. Roadrunner states that the redaction requests fall into the following categories: detailed financial information, pricing information, revenue and revenue growth information, employee compensation, customer lists, and contact persons at customers' businesses. (Pl.'s Second Supp. Req. to Seal Documents at 2.) In addition to its supplemental request, Roadrunner has filed copies of its exhibits with proposed redacted exhibits, as well as declarations from Ben Kirkland, President of Roadrunner, and Michael Lane, counsel of record for Roadrunner. The court has reviewed the requested redactions and addresses the general categories of information subject to requested redactions/sealing below.

**A. Customer Lists and Related Customer Information**

Sufficient reason to seal court records may exists if documents are used to release trade secrets. *Kamakana*, 447 F.3d at 1179. Courts have found that "[a] customer list may qualify as a trade secret because of its 'economic value' when its disclosure would allow a competitor to direct its sales efforts to those customers who have already shown a willingness to use a unique type of service or product as opposed to a list of people who only might be interested and [the parties] took reasonable steps to protect this information." *Mezzadri v. Med. Depot, Inc.*, No. 14-CV-2330-AJB-DHB, 2015 WL 12564223, at *2 (S.D. Cal. Dec. 18, 2015) (internal citations omitted). Further, courts are more willing to protect customer lists where a party "has expended time and effort identifying customers with particular needs or characteristics," which are "to be distinguished from mere identities and locations of customers where anyone could easily identify

---

[2] In their second supplemental request, Roadrunner asks "that the Court order sealed redacted portions of confidential documents which were previously submitted under seal." The court interprets this request, as it did in its prior sealing order, as an order permitting the filing of a redacted version of the documents in question on the public docket. (*See* Doc. No. 82 at n.1.)

4

the entities as potential customers." *Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514, 1521–22 (1997).

Here, plaintiff Roadrunner requests redactions to Doc. Nos. 32(a)–(f), 48(a)–(b), and 61(a) with respect to customer lists, customer information, and customer contact person information. (*See e.g.,* Pl.'s Second Supp. Req. to Seal Documents at 3, 7, 13.) Roadrunner contends that its customer list contains detailed account information, including some or all of the following: the name, address, and phone number of the customer; the contact person; revenue amount for each customer; and the amount of work or loads performed for each customer. (Pl.'s Second Suppl. Req. to Seal Documents at 8.) Roadrunner states that it expended considerable time and effort in compiling the information unique to its customers' specific needs and characteristics, which is not readily available to the public and could be used by competitors to poach their clients. (*See e.g.*, *id.* at 4, 19, 23.)

Based upon this showing, the court finds that there is a compelling reason to permit the requested redaction/seal in this regard. Though it is unclear whether this customer list and related information constitutes a trade secret, the potential misuse of the list and related information would appear to prejudice plaintiff and outweighs the general public interest in understanding the judicial process. Accordingly, redaction of that information from the publically filed document is proper.

**B. Detailed Financial and Revenue Information**

Roadrunner also requests redactions of portions of Doc. Nos. 32(a), 32(b), 32(e), 32(f), 32(g), 48(a), 48(b), and 61(a) on the ground that these documents reflect information regarding the amount of revenue attributable to its customers. If released, Roadrunner contends that this information would permit competitors to target its most valuable accounts with specific information so as to more effectively solicit those accounts. (*See e.g.*, Pl.'s Second Suppl. Req. to Seal Documents at 6, 9, 17.) The court finds this rationale to be compelling. *See Abstrax, Inc. v. Sun Microsystems, Inc.*, No. CV 09-5243 PJH NJV, 2011 WL 2550825, at *3 (N.D. Cal. June 27, 2011) (permitting the sealing of confidential information with respect to revenue, products, internal manufacturing procedures, source code development, and related deposition testimony).

Accordingly, Roadrunner's request to redact its detailed financial and revenue information from the publically filed documents is granted.

### C. Pricing Information

Roadrunner next requests redactions of portions of Doc. No. 32(e) because this document, it contends, includes information about the rates that it charges its customers. If released, Roadrunner fears that this information would permit competitors to undercut its rates and, thereby, solicit its accounts. (*See e.g.*, Pl.'s Second Suppl. Req. to Seal Documents at 6, 9, 17.) The court finds this rationale to be compelling as well. It appears that the public release of such pricing information could well result in harm to Roadrunner's competitive standing. *See SMD Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (noting compelling reasons to seal "confidential information such as plaintiff's pricing methods, projected costs and profit margin, the parties' revenue and revenue growth information, and customer loyalty information …"). Accordingly, Roadrunner's request to redact/seal will be granted as pricing and rate information.

### D. Employee Compensation

Finally, Roadrunner requests that portions of Doc. Nos. 32(b), 32(f), and 48(b) be redacted because these documents include information about its' employee salaries. Roadrunner asserts that providing public access to its employee salary information would enable competitors to target its most valuable personnel for hiring. (Pl.'s Second Suppl. Req. to Seal Documents at 10.) The court finds this rationale to be persuasive in that the public release of such salary information could harm Roadrunner's competitive standing. *See Pyro Spectaculars North, Inc. v. Souza*, No. 2:12-cv-00299-GGH (E.D. Ca. March 8, 2012) (sealing documents which reflected details about employee compensation that was related to proprietary business operations and potential trade secrets). Accordingly, the court will grants Roadrunner's request to redact from the publically filed documents information reflecting the salaries paid to its employees.

/////

/////

/////

**CONCLUSION**

After carefully reviewing the papers submitted, the court grants Roadrunner's motion to seal. Roadrunner is directed to file the documents reflecting the redactions approved above on the court's docket within ten (10) days of this order.

IT IS SO ORDERED.

Dated: **January 12, 2018**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE