1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10

| JEFFREY COX, | No. 1:17-CV-01207-DAD-BAM, 1:17-cv-01056-DAD-BAM (consolidated) |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING LEAVING TO FILE AMENDED COMPLAINT |
| ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company, CENTRAL CAL TRANSPORTATION, LLC, a Delaware limited liability company, and DOES 1 through 50, | (Doc. Nos. 95, 96) |
| Defendants. | |
| ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company, | |
| Counter-Plaintiff and Defendant, | |
| v. | |
| JEFFREY COX, | |
| Counter-Defendant and Plaintiff. | |

1

| | |
|---|---|
| ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company, | |
| Plaintiff, | |
| v. | |
| T.G.S. TRANSPORTATION, INC., a California corporation, and DOES 1-10, | |
| Defendants. | |

On February 7, 2018, the court issued an order consolidating *Roadrunner Intermodal Services, LLC v. T.G.S. Transportation, Inc.*, 17-cv-01056-DAD-BAM and *Jeffrey Cox v. Roadrunner Intermodal Services, et al.*, 17-cv-01207-DAD-BAM. (Doc. No. 90.)

On February 26, 2018, plaintiff Jeffrey Cox ("plaintiff") and defendants Roadrunner Intermodal Services, LLC, and Central Cal Transportation, LLC ("defendants") (collectively, "the parties") filed a stipulation to allow plaintiff leave to file a First Amended Complaint ("FAC"). (Doc. No. 95.) Plaintiff's proposed FAC (*see* Doc. No. 95 at 5) appears to amend the original complaint (*see Jeffrey Cox v. Roadrunner Intermodal Services, et al.*, 1:17-cv-01207-DAD-BAM, Doc. No. 1-1 at 4) by adding another claim for whistleblower protection under California Labor Code § 1102.5. The parties have agreed that if plaintiff is permitted to add this claim to his complaint in this action, plaintiff will dismiss the same claim brought in *Jeffrey Cox, et al. v. Roadrunner Intermodal Services, LLC, et al.*, Case No. BC669711, a case currently pending before the Los Angeles County Superior Court. (Doc. No. 95 at 3.) If permitted to do so, all of plaintiff's employment-related claims against defendants would then be consolidated in a single action before this court. (*Id.*)

The Federal Rules of Civil Procedure provide that district courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, leave to amend need not be granted where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith;

2

(3) produces an undue delay in litigation; or (4) is futile.  *See Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)).  "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971).

Here, nothing before the court suggests bad faith or undue delay on the part of the plaintiff.  Because the parties have stipulated to the proposed amendment, the court concludes there is no prejudice to defendants.  Accordingly, the court finds good cause to grant plaintiff leave to amend the complaint.

For the reasons set forth above,

1. Pursuant to the parties' stipulation (Doc. No. 95), plaintiff is granted leave to amend the complaint; and
2. Plaintiff shall file the first amended complaint within five days of the date of service for this order; and
3. Within twenty-one (21) days after filing of plaintiff's First Amended Complaint, defendants shall file a response thereto.

IT IS SO ORDERED.

Dated:  **March 1, 2018**

UNITED STATES DISTRICT JUDGE

3