# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY COX,<br><br>    Plaintiff,<br><br>    v.<br><br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company, CENTRAL CAL TRANSPORTATION, LLC, a Delaware limited liability company, and DOES 1 through 50,<br><br>    Defendants.<br>_____/<br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>    Defendant/Counter-Plaintiff,<br><br>    v.<br><br>JEFFREY COX,<br><br>    Plaintiff/Counter-Defendant.<br>_____/<br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>T.G.S. TRANSPORTATION, INC., a California corporation, and DOES 1-10,<br><br>    Defendants.<br>_____/ | Case No. 1:17-cv-01056-DAD-BAM<br><br>**ORDER REGARDING DISCOVERY DISPUTE CONFERENCE**<br><br>**ORDER SETTING TELEPHONIC STATUS CONFERENCE FOR OCTOBER 4, 2018**<br><br>**ORDER SETTING BRIEFING SCHEDULE ON T.G.S. TRANSPORTATION, INC.'S MOTION TO COMPEL PROPER DESIGNATION OF DOCUMENTS AND DISCOVERY RESPONSES PRODUCED BY ROADRUNNER IN DISCOVERY**<br>(Doc. No. 115)<br><br>**ORDER TAKING T.G.S TRANSPORTATION, INC.'S MOTION TO COMPEL DISCOVERY RESPONSES UNDER SUBMISSION**<br>(Doc No. 114) |

///

1

On September 6, 2018, in an effort to resolve pending discovery disputes, the Court ordered counsel with binding authority for each party to personally appear on September 27, 2018, to meet and confer to resolve the outstanding discovery motions and impending discovery motions and to establish a schedule for completion of discovery and depositions in this action. (Doc. No. 123.)

On September 27, 2018, as directed by the Court, counsel for the parties with binding authority personally appeared to meet and confer to resolve the outstanding discovery motions and impending discovery motions and to establish a schedule for completion of discovery and depositions in this action. Michael Lane, Sean Newland and Jim Nelson appeared on behalf of Roadrunner Intermodal Services, LLC ("Roadrunner") and Central Cal Transportation, LLC ("Central Cal"). Scott Ivy and Sean Newland appeared on behalf of T.G.S. Transportation, Inc. ("T.G.S."). Howard Sagaser appeared on behalf of Jeffrey Cox.

At the conclusion of meet and confer efforts and conferences with the Court, the parties provided a summary of their progress. With respect to deposition scheduling for the remainder of the case, the parties agreed upon the following proposal: By the end of the day on September 27, 2018, each side will submit a list of the remaining persons they would like to depose. By Tuesday, October 2, 2018, each party will respond to the opposing party's list and indicate either no objection to the particular deposition or an objection a particular deposition for which Court resolution will be needed. The parties also will address the total number of depositions. Any deposition issues remaining after October 2, 2018, will be raised with the Court at a TELEPHONIC STATUS CONFERENCE set for **October 4, 2018, at 10:00 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe**. The parties may appear at the conference by telephone with each party using the following dial-in number and access code: **dial-in number 1-877-411-9748; access code 3190866.**

In addition to deposition scheduling, all of the parties to this action reached an agreement relative to search terms for the production of documents, and the parties will attempt to use search terms according to the following protocol: By October 5, 2018, each party wishing to do so will submit proposed search terms to all other parties. The parties will then have a two-week window in which they are required to meet and confer in good faith as to any disputes over the scope of the search proposed, its feasibility and related issues. On October 19, 2018, the parties will each prepare a list of the number

of documents flagged by the searches to give a scope of production. Production of documents flagged and identified by the search will be produced starting on November 2, 2018, and completed by November 9, 2018.

Additionally, with respect to texts messages responsive to T.G.S.'s documents requests, counsel for Roadrunner has agreed it will review T.G.S.'s prior request and locate any responsive texts from appropriate employees. Roadrunner then will respond on or before October 19, 2018, to indicate whether there are additional responsive text messages. If so, the responsive text messages will be produced by Roadrunner between November 2 and November 9, 2018.

With respect to T.G.S.'s production of documents, Roadrunner had a meet and confer regarding T.G.S.'s responses to production. T.G.S. has since made a production of documents, but Roadrunner's counsel has not had a chance to review the production. Following review, Roadrunner will notify T.G.S. prior to the telephonic conference call scheduled with the Court on October 4, 2018, if the issues have been resolved or if there is anything left for the Court to resolve with respect to T.G.S.'s responses.

With respect to the employment action involving Roadrunner and Jeffrey Cox, and the document requests sent by Mr. Cox to Roadrunner and Central Cal, the parties represented that they had agreed to narrow certain requests, set time limits, and identified the requests that likely would be resolved through the search terms. The parties also agreed that requests for the same documents from Roadrunner and Central Cal will not require a duplicate production.

With respect to T.G.S.'s motion requesting an order compelling Roadrunner to de-designate or properly designate multiple produced documents and written discovery responses designated "Attorney's Eyes Only" ("AEO") under the Protective Order (Doc. No. 115), the parties could not resolve the motion. However, the parties did agree to meet and confer to a carve-out of a 600-pages of exhibits to Stock Purchase Agreement from that disagreement. As to the remaining unresolved issues from the motion, Roadrunner and T.G.S. shall each file and serve a 5-7-page brief and any exhibits by **October 8, 2018**, on the issue of removing the AEO designation.

With respect to T.G.S.'s motion to compel discovery responses (Doc. No. 114), the matter has not been resolved, but has been fully briefed for the Court in a joint statement submitted by the parties (Doc. 116). The joint statement contains three issues, one of which was completion of Roadrunner's

document production that the parties reached an agreement upon during the meet and confer conference. The remaining two unresolved issues pertain to: (1) T.G.S.'s document production requests relative to Roadrunner's trade secrets; and (2) Roadrunner's response to T.G.S.'s Interrogatory No. 4 regarding Roadrunner's lost profits claim. The Court will take the motion under submission pursuant to Local Rule 230, and the matter is deemed submitted on the papers.

IT IS SO ORDERED.

Dated: **September 28, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE