# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY COX,<br><br>    Plaintiff,<br><br>    v.<br><br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company, CENTRAL CAL TRANSPORTATION, LLC, a Delaware limited liability company, and DOES 1 through 50,<br><br>    Defendants.<br>_____/<br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>    Defendant/Counter-Plaintiff,<br><br>    v.<br><br>JEFFREY COX,<br><br>    Plaintiff/Counter-Defendant.<br>_____/<br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>T.G.S. TRANSPORTATION, INC., a California corporation, and DOES 1-10,<br><br>    Defendants.<br>_____/ | Case No. 1:17-cv-01056-DAD-BAM<br><br>**ORDER GRANTING PLAINTIFF ROADRUNNER INTERMODAL SERVICES, LLC'S REQUEST TO FILE DOCUMENTS UNDER SEAL**<br><br>(ECF No. 119) |

///

On October 23, 2017, the Court entered a stipulated protective order in this case. (ECF 47.)

1

Currently before the Court is Plaintiff Roadrunner Intermodal Services, LLC's request, pursuant to the stipulated protective order and Local Rule 141, to file under seal Exhibits B, K, and M to the Joint Statement Re Discovery Disagreement Following T.G.S. Transportation, Inc.'s Motion to Compel Discovery Responses [ECF 116] ("Joint Statement") (ECF 119.) No opposition to the request was filed by any party. For the reasons that follow, Roadrunner's request for filing under seal is granted.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." Id. at 1180. This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted). Two standards govern whether documents should be sealed: a "compelling reasons" standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive discovery type motions. Kamakana, 447 F.3d at 1179; see also Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2010). The "good cause" standard, which is applicable here, presents a lower burden for the party wishing to seal documents. Pintos, 605 F.3d at 678. Courts determine whether good cause exists to protect the information from being disclosed to the public by "balancing the needs for discovery against the need for confidentiality." Id. (quoting Phillips, 307 F.3d at 1213).

Roadrunner contends that there is good cause to seal the documents at issue because they contain or comprise Roadrunner's confidential and proprietary information.

Having considered the documents at issue, which contain information regarding Roadrunner's finances, revenue, certain independent contractors, employees and customers, and in the absence of any objection, the Court concludes that Roadrunner has sufficiently shown good cause for filing the documents under seal.

Accordingly, good cause being shown, Roadrunner's request to seal is HEREBY GRANTED, and the Court orders that the following unredacted materials be filed and maintained under seal:

1. Exhibit B to the Joint Statement
2. Exhibit K to the Joint Statement; and
3. Exhibit M to the Joint Statement.

IT IS SO ORDERED.

Dated: **November 5, 2018**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE