UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY COX,<br><br>    Plaintiff,<br><br>    v.<br><br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company, CENTRAL CAL TRANSPORTATION, LLC, a Delaware limited liability company, and DOES 1 through 50,<br><br>    Defendants.<br>_____/<br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>    Defendant/Counter-Plaintiff,<br><br>    v.<br><br>JEFFREY COX,<br><br>    Plaintiff/Counter-Defendant.<br>_____/<br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>T.G.S. TRANSPORTATION, INC., a California corporation, and DOES 1-10,<br><br>    Defendants.<br>_____/ | Case No. 1:17-cv-01056-DAD-BAM<br><br>**ORDER DENYING T.G.S. TRANSPORTATION, INC.'S MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>(Doc. Nos. 114, 116) |

///

1

**I. Background**

Currently before the Court for resolution is T.G.S. Transportation, Inc.'s ("TGS") Motion to Compel Discovery Responses from Roadrunner Intermodal Services, LLC ("Roadrunner"), which was filed on August 10, 2018. (Doc. No. 114.) By the motion, TGS seeks a court order compelling Roadrunner to provide the following discovery responses: (1) substantial completion of Roadrunner's document production in response to TGS's Requests for Production served March 12, 2018 and answered by Roadrunner on June 25, 2018; (2) production of Roadrunner's documents and communications on which Roadrunner will rely to show the existence of confidential and trade secret information that TGS allegedly used to interfere with Roadrunner's contracts (First Amended Complaint (ECF 21) ¶ 36) and prospective economic relationships (id. ¶ 41), came to unjustly possess (id. ¶ 44), and convert (id. ¶ 51); (3) production of Roadrunner's documents on which Roadrunner will rely to show reasonable security measures supporting the existence of trade secrets that TGS allegedly came to unjustly possess (First Amended Complaint (ECF 21) ¶ 44) and convert (id. ¶ 51); and (4) a supplemental response to TGS's interrogatory providing the factual basis for Roadrunner's damages theories, specifically with regard to its lost profits theory wherein Roadrunner will seek to recover for its alleged diminution in profits, and as such is based on documents that are presently in Roadrunner's possession and were the subject of Roadrunner's expert opinion on that issue filed with this Court on October 31, 2017 (see ECF 61, 62). (Doc. No. 114 at p. 2.)[1] On August 24, 2018, T.G.S. and Roadrunner filed a Joint Statement re Discovery Disagreement. (Doc. No. 116.)

Thereafter, on August 28, 2018, the Court set a telephonic discovery conference to discuss the instant motion to compel, along with other motions to compel that had been filed by the parties. (Doc. No. 120.) At the August 28 conference, the Court directed counsel with binding authority for each party to personally appear on September 27, 2018, to meet and confer and resolve any outstanding or impending discovery motions. (Doc. No. 123.)

On September 27, 2018, counsel for the parties appeared to meet and confer regarding discovery disputes between the parties. Following the meet and confer proceedings, the parties informed the Court

---

[1] All page numbers are based on document pagination by the Court's CM/ECF system.

that with respect to the instant motion, the issue of substantial completion of Roadrunner's document production in response to TGS's Requests for Production served March 12, 2018 and answered by Roadrunner on June 25, 2018, had been resolved.[2] However, the parties had been unable to resolve the remaining issues raised in the motion to compel. (Doc. No.131.) Therefore, the instant motion to compel has been taken under submission and is limited to resolution of Roadrunner's responses to TGS's Request for Production Nos. 19-21 (trade secrets) and Interrogatory No. 4 (lost profits)

## II. MOTION TO COMPEL PRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(b), the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Information within the scope of discovery need not be admissible in evidence to be discoverable. Id. However, the court must limit the extent of discovery if it determines that (1) the discovery sought is unreasonably cumulative, duplicative or can be obtained from other source that is more convenient, less burdensome, or less expensive, (2) the party seeking discovery has had ample opportunity to obtain the information by discovery, or (3) the proposed discovery is outside the permissible scope. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1).

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any

---

[2] TGS's motion to compel with respect to this issue is therefore DENIED as moot based on the parties' resolution.

3

objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable"). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

### A. TGS's Requests for Production Nos. 19-21

The parties have grouped the three requests together because they invoke a common issue: whether and to what extent TGS may seek discovery related to the confidential and trade secret information that TGS allegedly came to possess through the acts alleged in Roadrunner's complaint. (Doc. No. 116 at p. 18.)

**REQUEST FOR PRODUCTION NO. 19:**

Any and ALL DOCUMENTS that ROADRUNNER claims contain trade secret and/or confidential or proprietary information that TGS is alleged to have unjustly obtained and/or converted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Roadrunner incorporates by reference its General Objections set forth above. Roadrunner further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or exemption from discovery. Roadrunner further objects to this Request as overly broad, unduly burdensome and seeking information that is neither relevant to this action nor likely to lead to the discovery of admissible evidence.

Roadrunner further objects to this Request as overbroad in time and/or scope. Roadrunner further objects to this Request to the extent it seeks the premature disclosure of expert discovery or information known to Defendant, publicly available or equally available to Defendant, or that is otherwise designed to harass, vex and annoy Roadrunner. Roadrunner further objects to this request as irrelevant to the extent it seeks disclosure of trade secrets, as Roadrunner did not assert a trade secret misappropriation claim here.

///

**REQUEST FOR PRODUCTION NO. 20:**

Any and ALL COMMUNICATIONS that ROADRUNNER claims contain trade secret and/or confidential or proprietary information that TGS is alleged to have unjustly obtained and/or converted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Roadrunner incorporates by reference its General Objections set forth above. Roadrunner further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or exemption from discovery. Roadrunner further objects to this Request as overly broad, unduly burdensome and seeking information that is neither relevant to this action nor likely to lead to the discovery of admissible evidence.

Roadrunner further objects to this Request as overbroad in time and/or scope. Roadrunner further objects to this Request to the extent it seeks the premature disclosure of expert discovery or information known to Defendant, publicly available or equally available to Defendant, or that is otherwise designed to harass, vex and annoy Roadrunner. Roadrunner further objects to this request as irrelevant to the extent it seeks disclosure of trade secrets, as Roadrunner did not assert a trade secret misappropriation claim here.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to show the security measures placed by ROADRUNNER on its tangible and intangible property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Roadrunner incorporates by reference its General Objections set forth above. Roadrunner further objects to this request to the extent it calls for information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or exemption from discovery. Roadrunner further objects to this Request as overly broad, unduly burdensome and seeking information that is neither relevant to this action nor likely to lead to the discovery of admissible evidence.

Roadrunner further objects to this Request as vague and ambiguous with respect to the undefined terms "sufficient," "show," "security measures," "placed," "tangible property," and "intangible property." Roadrunner further objects to this Request to the extent it seeks premature disclosure of expert discovery. Roadrunner also objects to this Request because it impermissibly lacks particularity and fails

to designate the information sought with sufficient specificity—thus imposing an undue burden on Roadrunner.

### 1. Summary of TGS's Argument

TGS contends that production is warranted because Roadrunner has accused it of misappropriating Roadrunner's confidential, proprietary, and trade secret information, and then using that information to interfere with Roadrunner's worker and customer relationships. TGS also contends that "misappropriation forms the lynchpin of every single one of Roadrunner's stand-alone causes of action against TGS, such as tortious interference with contract, tortious interference with prospective economic advantage, unjust enrichment and conversion. TGS asserts that it will defend against these allegations by showing that Roadrunner has not established that the information in question is confidential or trade secret, and even if the information once held that status, it was not subject to reasonable security methods. TGS argues that the documents sought by the requests are relevant and proportional to Roadrunner's unjust enrichment and conversion claims.

### 2. Summary of Roadrunner's Counterargument

Roadrunner counters that it does not assert a cause of action for trade secret misappropriation, and thus its trade secrets are not at issue in this action and the requests are irrelevant and not proportional to the needs of the case. Roadrunner contends that the burden it would suffer from disclosing its trade secret information to TGS, a direct competitor, outweighs any nominal benefit TGS may derive from the information.

### 3. Discussion

Having considered the parties' arguments, the Court finds that TGS's motion to compel responses to Requests for Production 19 and 20 should be denied. Requests 19 and 20 require Roadrunner to produce documents that "TGS is alleged to have unjustly obtained and/or converted." The requests essentially seek information that likely would *already be in TGS's possession*, since it is the party alleged to have unjustly obtained Roadrunner's trade secret/confidential/proprietary information. It is thus contrary to the rules of discovery to order production in response to these requests, and Rule 26(b) mandates that the Court limit discovery when it determines that the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive."

Fed. R. Civ. P. 26(b)(2)(C)(i). In addition, the burden that Roadrunner would suffer from further disclosing its trade secret or confidential information to TGS, a direct competitor, outweighs any litigation benefit TGS may derive from the information.

The Court also finds that TGS's motion to compel a response to Request for Production 21 should be denied. Request 21 seeks documents sufficient to show the security measures placed by Roadrunner on its tangible and intangible property. Although partially relevant to Roadrunner's claim that it "took measures to secure its confidential information," [(Doc. 116 at p. 22) (discussing content of Roadrunner's verified responses to interrogatories)], the request is not proportional to the needs of the case and seeks information well-beyond the scope of permissible discovery in this action.

Roadrunner asserted that it maintained certain "electronic protections" or that access to confidential information on "electronic systems" was strictly controlled. (Doc. No. 116 at p. 22.) However, Request 21 is not limited solely to Roadrunner's claim of electronic protections. Rather, it seeks information regarding security measures for *all of Roadrunner's property*, tangible or intangible. The request does not contain temporal or other property limitations to ensure that it seeks only relevant information or that the benefit of the discovery is not outweighed by the burden of production.

### B.  TGS Interrogatory No. 4

**INTERROGATORY NO. 4**:

State the factual basis for YOUR contention that TGS tortuously interfered with the SPA [Stock Purchase Agreement] as alleged in the First Cause of Action to the COMPLAINT, including in your answer an explanation of (1) the relevant contract provision(s) or contractual undertaking(s), (2) the identity of the PERSON(S) with whom ROADRUNNER had executed the subject contract provision(s) or contractual undertaking(s), (3) ROADRUNNER'S basis for asserting that TGS had knowledge of the relevant contract provision(s) or contractual undertaking(s), (4) the alleged intentional acts by TGS designed to induce a breach or disruption of the relevant contractual relationship(s) or to prevent compliance with the undertaking(s), (5) the alleged actual breach or disruption of the relevant contractual relationship(s), and (6) the nature and amount of the alleged resulting damage to ROADRUNNER.

///

**RESPONSE TO INTERROGATORY NO. 4:**

Roadrunner incorporates by this reference its General Objections set forth above. Roadrunner further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Roadrunner further objects to this interrogatory as compound, in that it comprises at least seven (7) separate interrogatories. Roadrunner further objects to the extent this interrogatory seeks all facts and information related to each and every allegation applicable to the subject cause of action, including a detailed narrative of every witness and document that supports each such fact or piece of information, and is thus facially burdensome and oppressive, particularly at this stage in the litigation where each party is engaged in discovery and conducting investigations.

Roadrunner further objects to this interrogatory to the extent it seeks information that is equally available to TGS, and is therefore oppressive and burdensome to Roadrunner.

Without waiving these general and specific objections, and subject to them, Roadrunner responds as follows:

(1) The relevant contractual provisions include Section 7.4 ("Non-Competition, Non-Solicitation and Non-Disclosure") of the SPA.

(2) Jeffrey Cox, David B. Chidester, Central Cal Transportation, and Double C Transportation.

(3) In Court filings and TGS' deposition, TGS admitted it knew about the SPA and the provisions in Section 7.4 as early as June 1st, the day after Cox left his position at Roadrunner.

(4) Working with Cox to acquire detailed, specific confidential, proprietary and trade secret information from Cox regarding Roadrunner's business operations, customers, employees, and drivers, (2) use Cox's relationships to solicit Roadrunner's customers, employees, and drivers, and (3) hiring Cox.

(5) Despite its knowledge of the SPA and the SPA's noncompete provisions, TGS worked in secret with Cox for over a month—mining Cox for customer, employee, and driver contact, rate, salary and other such information, and using Cox to make introductions to Roadrunner/Central Cal's employees, drivers, and customers—and then, despite knowing that the applicable provisions of Cox's noncompete agreement ran through the end of 2017, hired Cox to work for TGS and continue the

foregoing activities, in July of that year, in clear violation of the SPA.

(6) In addition to seeking injunctive relief and relief commanding TGS disclose, return, and/or destroy Roadrunner's confidential and proprietary information, Roadrunner seeks monetary recovery from TGS due to TGS' unfair competition, tortious interference with the contractual relationship between Roadrunner and Cox, tortious interference with Roadrunner's prospective economic relationships with Roadrunner's current, former and prospective customers, unjust enrichment, and conversion, in one or more of the following forms: (1) Roadrunner's lost profits; (2) TGS' unjust enrichment (i.e., TGS' profits); (3) a reasonable royalty for TGS use of Roadrunner's confidential information and/or trade secrets; (4) exemplary and punitive damages, (5) pre- and post-judgment interest and/or (6) attorneys' fees and expenses. Those damages cannot be reasonably or reliably calculated at the present time because Roadrunner will need discovery from at least TGS and Cox. Roadrunner's investigation is ongoing, and Roadrunner expressly reserves the right to supplement these responses and promptly disclose this information as it becomes known to Roadrunner.

### 1. TGS's Position

TGS reports that during the meet and confer discussion, Roadrunner reportedly represented that much of the information on which a response would be based has or will be produced in response to TGS's requests for production, Nos. 22-32. The parties then explored a compromise whereby Roadrunner would identify the requisite documents by Bates number, along with a summary table showing the alleged changes in gross revenue, net revenue, and profits garnered by Roadrunner's Fresno-based operation that comprise the lost profits Roadrunner is seeking to recover in this action. TGS reports that this compromise would have ameliorated its concerns if Roadrunner had followed through with the compromise.

### 2. Roadrunner's Position

Roadrunner reports that on August 21, 2018, it amended its interrogatory responses, and noted for Interrogatory No. 4 that Roadrunner's "lost profits" include "lost profits and monies" in "RRIS-TGS0005013-4, 3807-3811, and 4947." Roadrunner therefore contends that TGS's arguments and positions with respect to this interrogatory are now moot. Roadrunner also contends that if TGS complies with Roadrunner's Requests for Production, Set Two and produces documents that shed

additional light on Roadrunner's calculations of lost profits, Roadrunner will further supplement its amended responses to reflect the impact of that newly required information.

**3.     Discussion**

Having considered the parties' arguments, the Court finds that TGS's motion to compel a further response to Interrogatory No. 4 should be denied. Roadrunner amended its response to Interrogatory No. 4 and identified responsive documents by Bates number. Roadrunner also has acknowledged its obligation, pursuant to Federal Rule of Civil Procedure 26(e)(1)(A), to supplement its response if it acquires additional information regarding its lost profits calculation during discovery. Accordingly, the Court will not compel a further response to Interrogatory No. 4 at this time. If Roadrunner's response has not resolved the issue, then the parties may address the dispute at the conference currently scheduled for November 9, 2018. Roadrunner also is cautioned that it will not be able to rely on additional documents supporting its calculations of alleged lost profits for the purposes of either a summary judgment motion or at trial absent disclosure of those documents to TGS.

**IV.     Conclusion and Order**

For the reasons stated above, TGS's motion to compel (Doc. 114) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **November 5, 2018**             /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE