# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY COX,<br><br>      Plaintiff,<br><br>  v.<br><br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company, CENTRAL CAL TRANSPORTATION, LLC, a Delaware limited liability company, and DOES 1 through 50,<br><br>      Defendants.<br>_____/<br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>      Defendant/Counter-Plaintiff,<br><br>  v.<br><br>JEFFREY COX,<br><br>      Plaintiff/Counter-Defendant.<br>_____/<br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>      Plaintiff,<br><br>  v.<br><br>T.G.S. TRANSPORTATION, INC., a California corporation, and DOES 1-10,<br><br>      Defendants.<br>_____/ | Case No. 1:17-cv-01056-DAD-BAM<br><br>**ORDER REGARDING INFORMAL DISCOVERY CONFERENCE**<br>(Doc. Nos. 150, 153)<br><br>**ORDER SETTING FURTHER INFORMAL DISCOVERY CONFERENCE FOR FEBRUARY 4, 2019** |

///

1

On January 28, 2019, the Court held an informal discovery conference on the record to address the following discovery disputes: (1) Roadrunner's request to subpoena and depose Jeffrey Cox's attorneys, Ian Wieland and David Weiland; (2) Roadrunner's request for the production of Mr. Cox's electronic devices for forensic imaging; and (3) Roadrunner's production of documents to Mr. Cox. Michelle DuCharme and Sean Newland appeared by telephone on behalf of Roadrunner Intermodal Services, LLC and Central Cal Transportation, LLC. Scott Ivy appeared by telephone on behalf of TGS Transportation, Inc. Christopher Rusca appeared by telephone on behalf of Jeffrey Cox. The parties stipulated to the Court's informal ruling.

For the reasons stated on the record, and as indicated below, Roadrunner's request to subpoena and depose Jeffrey Cox's attorneys is DENIED; Roadrunner's request for the production of Mr. Cox's electronic devices for forensic imaging is DENIED; and a Further Informal Discovery Conference is set for February 4, 2019, to address Roadrunner's production of documents.

## I. Roadrunner's Request to Subpoena and Depose Jeffrey Cox's Attorneys

Roadrunner requests leave of this Court to conduct depositions of attorneys Ian Wieland and David Weiland about conclusions counsel made and relayed to TGS about or relating to the validity and enforceability of Roadrunner and Mr. Cox's non-compete. In particular, Roadrunner seeks to depose Messrs. Wieland and Weiland for the "purpose of examining the nature of opinions provided to TGS, research conducted and relayed to TGS about the same, and the reasonability of TGS' reliance thereon." (Doc. 156 at 4.) Jeffrey Cox and TGS oppose the request, and the parties filed informal letter briefs setting forth their respective positions. (Docs. 155, 156, 157.)

Pursuant to Federal Rule of Civil Procedure 26(b), the court must limit the extent of discovery where it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive or where the party seeking discovery has had ample opportunity to obtain the information by discovery in the action. Fed. R. Civ. P. 26(b)(2)(C)(i), (ii).

Here, Roadrunner already has had an opportunity to obtain discovery regarding conclusions Mr. Cox's counsel made and relayed to TGS regarding the validity and enforceability of the non-compete. Specifically, Roadrunner has been permitted to depose TGS' representatives regarding

2

conversations they had with Mr. Cox's attorneys, and any opinions or conclusions that were relayed to them by those attorneys as to the enforceability or non-enforceability of Mr. Cox's non-compete. Additionally, Roadrunner has received documentary evidence from at least one of Mr. Cox's attorneys, Mr. Wieland, as to his opinion regarding the enforceability or non-enforceability of Mr. Cox's non-compete and the basis for that opinion. The Court therefore finds that Roadrunner's request for a limited deposition of Mr. Cox's attorneys would be unreasonably duplicative, the information sought has been obtained from other sources that are more convenient and less burdensome, and Roadrunner has had ample opportunity to obtain the information through other means of discovery in this action. Accordingly, Roadrunner's request to subpoena and depose Jeffrey Cox's attorneys, Ian Wieland and David Weiland, is DENIED.

**II.    Roadrunner's Request for Forensic Imaging of Jeffrey Cox's Electronic Devices**

In its counterclaim, Roadrunner alleges that Mr. Cox used Roadrunner's confidential and proprietary information to actively solicit Roadrunner's employees, agents, and customers to work for or bring their business to TGS, and that Mr. Cox misappropriated Roadrunner's confidential, proprietary, and trade secret information, disclosed it to TGS, and continues to use the information in competition with Roadrunner. (Docs. 107 and 151 at 1.) Roadrunner contends that its allegations necessarily include:

> Cox's use of his personal devices before and after his employment with Roadrunner to, *inter alia*, (1) contact employees, contractors, and customers, (2) save and disseminate confidential and trade secret information, (3) communicate with TGS, and (4) use Roadrunner's trade secrets to compete with Roadrunner, contrary to his agreement and the California Uniform Trade Secret Act.

(Doc. 151 at 1). Roadrunner therefore requested the production of electronic devices Mr. Cox used during and following his employment with Roadrunner for forensic imaging by an expert. Mr. Cox objected to the request and, following meet and confer efforts, declined to produce his electronic devices for forensic imaging.

Roadrunner now seeks production of those devices for forensic imaging by an expert, contending that significant legal authority supports its request for production. Mr. Cox opposes the request, and the parties filed letter briefs regarding their respective positions. (Docs. 151, 154).

Federal Rule of Civil Procedure 34(a)(1) permits a party to request inspection of "electronically stored information" that is "stored in any medium from which information can be obtained . . . ." However, Rule 34 "is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances." Fed. R. Civ. P. 34 Advisory Comm. Notes, 2006 Amendment (emphases added); see also. U & I Corp. v. Advanced Med. Design, Inc., 251 F.R.D. 667, 674 (M.D. Fla. 2008) (noting Rule 34 does not grant unrestricted access to a responding party's database compilations). Indeed, "[f]orensic examination is generally regarded as a drastic step . . . . " Kenneth J. Moser v. Health Insurance Innovations, Inc., No.: 17cv1127-WQH(KSC), 2018 WL 6735710 at *5 (S.D. Cal. Dec. 21, 2018) (citation omitted). "[D]irect access could be appropriate if there is a "factual finding" by the Court of "improper conduct on the part of the responding party" or intentional destruction of relevant electronic evidence. Id., citing John B. v. Goetz, 531 F.3d 448, 460-461 (6th Cir. 2008).

In this instance, Roadrunner has not demonstrated that obtaining mirror images of Mr. Cox's work computer, laptop or cellphone is necessary or justified. There is no assertion that Mr. Cox engaged in improper conduct related to his electronic data or intentional destruction of relevant evidence during the course of this litigation. Practically speaking, Roadrunner has possession of the computer tower and laptop used by Mr. Cox while working for Roadrunner. According to Mr. Cox, he never removed his desktop tower from Roadrunner after termination and he returned his laptop two (2) days after termination. Thus, Roadrunner has had an opportunity to run a forensic analysis of these devices. With respect to his cellphone, on the day of his termination, Mr. Cox reportedly exchanged his phone with the cellphone provider, and any documents were not uploaded to his new phone. As to his current devices, there is no assertion that Mr. Cox has failed to adequately respond to discovery, including the production of relevant documents and text messages. Accordingly, Roadrunner's request for the production of electronic devices Mr. Cox used during and following his employment with Roadrunner for forensic imaging by an expert is DENIED.

///

///

4

**III.    Roadrunner's Production of Documents**

The Court previously held an informal conference to address the subject of Roadrunner's production of documents to Jeffrey Cox. As the matter remained unresolved following the conference and after meet and confer efforts, the Court directed Roadrunner and Jeffrey Cox to submit letter briefs setting forth their respective positions and stated its intent to address the dispute during the instant discovery conference.

On January 24, 2019, Jeffrey Cox submitted his letter brief, indicating that he seeks further production of documents from Roadrunner, including the following:

> (1) a privilege log providing a description of the documents withheld by Roadrunner based on privilege and the privilege asserted as those documents that were withheld;
>
> (2) The final version of an executive summary email Bates stamped DEFS_FR002554-DEFS_FR002555 as well as the associated Excel spread sheet related to the executive summary Bates stamped DEFS_FR002561;
>
> (3) The unredacted version of the "responsive" document that was 93 pages; and
>
> (4) Additional production of 4,578 documents where Judy Vijums and Curt Stoelting are custodians representing less than 1% of the 486,034 documents narrowed from 4,029,615.

(Doc. 160 at 4). At the hearing, Mr. Cox also represented that Roadrunner has not produced responsive text messages. In response, Roadrunner filed two letter briefs, which essentially asserted that it has produced 14,026 pages (plus thousands of additional pages in a separate Los Angeles County matter involving Mr. Cox, but TGS has produced only 10,580 pages and Mr. Cox has produced only 940 pages. Roadrunner therefore contended that "it is not proportional to the needs of this case for Roadrunner to review an additional 4500+ documents (not pages) with no universe of documents identified—despite Cox claiming he would revise his search terms after receiving the 1,280 documents." (Doc. 159 at 2-3). Roadrunner therefore requests that Mr. Cox revise his search terms and identify a reasonable universe of documents from which Roadrunner can complete its production. (Id. at 3).

Following a discussion with the parties, and in an effort to resolve the outstanding discovery disputes, the Court orders as follows:

1.    Roadrunner must produce a completed privilege log if it has not already done so;

2. No later than Wednesday, January 30, 2019, at 10:00 a.m., Roadrunner shall submit an unredacted version of the 93-page document to the Court for *in camera* review. Roadrunner should identify for the Court the portion of the document was redacted when produced to Jeffrey Cox;

3. Roadrunner shall commence a review and rolling production of the 4,578 documents identified above, with production to be completed by February 19, 2019. For any documents not produced, Roadrunner shall establish a log describing why those documents were not produced, e.g., "Bates Numbered Documents 1-3,222 were not relevant or responsive."

4. The Court sets a FURTHER INFORMAL DISCOVERY CONFERENCE for February 4, 2019, at 11:00 a.m. to address the following issues:

    a. Roadrunner's progress in reviewing and producing the 4,578 documents; and

    b. Whether Roadrunner has possession, custody or control of relevant text messages sent and received by Ben Kirkland, Judy Vijums, Curt Stoelting, Steven Voorhees, and Pierre Armbruster.

IT IS SO ORDERED.

Dated: **January 30, 2019**         /s/ *Barbara A. McAuliffe*
                                                                      UNITED STATES MAGISTRATE JUDGE