UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY COX,<br><br>        Plaintiff,<br><br>    v.<br><br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company, CENTRAL CAL TRANSPORTATION, LLC, a Delaware limited liability company, and DOES 1 through 50,<br><br>        Defendants. | No. 1:17-cv-01207-DAD-BAM, 1:17-cv-01056-DAD-BAM (consolidated)<br><br><u>ORDER REQUIRING FURTHER BRIEFING REGARDING REQUEST TO SEAL</u><br><br>(Doc. No. 176) |
| ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>        Counter-Plaintiff and Defendant,<br><br>    v.<br><br>JEFFREY COX,<br><br>        Counter-Defendant and Plaintiff. | |

1

| | |
|---|---|
| 1 | |
| 2 | ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company, |
| 3 | |
| 4 | Plaintiff, |
| 5 | v. |
| 6 | T.G.S. TRANSPORTATION, INC., a California corporation, and DOES 1-10, |
| 7 | Defendants. |
| 8 | |

On February 19, 2019, Roadrunner Intermodal Services, LLC ("Roadrunner") filed a motion for summary judgment. (Doc. No. 175.) In connection with that motion, Roadrunner filed a request to seal, seeking to have certain exhibits attached to its motion for summary judgment filed under seal. (Doc. No. 176). Having considered Roadrunner's submissions, the court finds that it requires further briefing prior to ruling on the request.

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").[1] "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to

---

[1] Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

2

> dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (quotations omitted).

Under the "compelling reasons" standard:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks, omissions, and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or in limine—though such motions are not dispositive—may be governed by the "compelling reasons" test, predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)). In keeping with this principle, requests to seal documents relating to motions for a preliminary injunction have been found by the Ninth Circuit to "more than tangentially relate[] to

/////

the merits" because success on the motion for a preliminary injunction would have resolved a portion of the claims in the underlying complaint. *Ctr. for Auto Safety*, 809 F.3d at 1102.

"In general, 'compelling reasons' sufficient to ... justify sealing court records exist when such 'court files might ... become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

## ANALYSIS

Because the pending request to seal has been filed in connection with a motion for summary judgment, the "compelling reasons" standard applies to the request. *See Xie v. De Young Properties 5418, LP*, No. 1:16-cv-01518-DAD-SKO, 2018 WL 3241068, at *2 (E.D. Cal. July 2, 2018); *Figueroa v. City of Fresno*, No. 1:15-cv-00349-DAD-BAM, 2016 WL 7104168, at *2 (E.D. Cal. Dec. 6, 2016). Having examined all the information before it, the court is unable to conclude that compelling reasons exist which would warrant the sealing proposed by Roadrunner. The only argument advanced in support of Roadrunner's request is that the exhibits in question "constitute, or disclose information contained in, information derived from documents that have been marked as 'confidential' pursuant to the Protective Order entered in this matter." (Doc. No. 176 at 2.) This argument is foreclosed by the Ninth Circuit's decision in *Kamakana*, which held that "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179. As the protective order itself makes clear, that order was entered pursuant to Federal Rule of Civil Procedure 26(c). (Doc. No. 47 at 2.) Such protective orders are governed by the lower "good cause" standard rather than the "compelling reasons" standard that Roadrunner is now required to satisfy in seeking authorization to file under seal. *See* Fed. R. Civ. P. 26(c)(1); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002) ("Rule 26(c) authorizes a district court to override [the presumption of public access to litigation documents] where 'good cause' is shown."). Thus, merely because a document may have been produced as

4

"confidential" pursuant to a protective order, it does not automatically follow that sealing is appropriate under the "compelling reasons" standard that applies here.

The protective order in this case noted that "[d]isclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information." (Doc. No. 47 at 2.) Certainly, protecting confidential business information can be a compelling reason to seal certain materials. *See Kamakana*, 447 F.3d at 1179. However, it is not obvious to the undersigned that the exhibits Roadrunner seeks to seal contain confidential, proprietary, or private information. Parties are not permitted to simply assert in conclusory fashion that the information is confidential or proprietary, and should be sealed on that basis. *See id.* at 1184 ("Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."); *accord Melendres v. County of Maricopa*, No. CV-07-02513-PHX-GMS, 2014 WL 12768903, at *6 (D. Ariz. Nov. 20, 2014) (rejecting defendants' request to seal because "they have not provided similarly specific explanations to justify the redactions"). Instead, Roadrunner must explain how disclosure of this information would unfairly harm its business operations. *See E. & J. Gallo Winery v. Instituut Voor Landbouw- En Visserijonderzoek*, No. 1:17-cv-00808-DAD-EPG, 2018 WL 3769410, at *3 (E.D. Cal. Aug. 7, 2018) ("Plaintiffs' conclusory assertion that disclosure of any portion of the Asset Purchase Agreement 'could lead to unfair harm to Plaintiffs' business and customers' is . . . inadequate."); *Hodges v. Apple Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) ("An unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient."); *Dunbar v. Google, Inc.*, No. 12-cv-003305-LHK, 2012 WL 6202719, at *7 (N.D. Cal. Dec. 12, 2012) (denying defendants' request to seal because "Google fails to explain how disclosure of the information in Exhibit A would provide competitors with an 'unfair advantage in designing their own systems'"). The court also notes that, as contemplated by Local Rule 140, Roadrunner may seek to redact certain portions of the exhibits rather than having them sealed outright. *See E. & J. Gallo Winery*, 2018 WL 3769410, at *2; *Mack v. Dearborn Nat'l Life Ins.*, No. 2:14-cv-1665-KJM-DAD, 2014 WL 12572866, at *2 (E.D. Cal. Aug. 26, 2014) (denying plaintiff's request to

seal because plaintiff "fails to explain why some or all of the exhibits should not be redacted in accordance with Local Rule 140 rather than sealed").

Accordingly, because the court is presently unable to determine whether sealing of the exhibits in question is necessary to protect Roadrunner's confidential business information, the court will require briefing from Roadrunner addressing this issue. As to each exhibit Roadrunner seeks to seal, Roadrunner is directed to explain how the redacted material constitutes confidential business information, or else to state other compelling reasons why the material should be shielded from public disclosure. In addition, to the extent Roadrunner seeks to have entire exhibits sealed (as opposed to merely redacted), Roadrunner should state why redaction of these exhibits would be insufficient to protect its confidential information. Roadrunner shall have fourteen days from the date of service of this order in which to submit its briefing, which should not exceed fifteen pages in length. Such briefing may be submitted *in camera* if necessary. Upon receipt of Roadrunner's briefing, the court will issue an order addressing Roadrunner's request.

IT IS SO ORDERED.

Dated: **February 22, 2019**

UNITED STATES DISTRICT JUDGE

6