UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY COX,<br><br>    Plaintiff,<br><br>    v.<br><br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company, CENTRAL CAL TRANSPORTATION, LLC, a Delaware limited liability company, and DOES 1 through 50,<br><br>    Defendants. | No. 1:17-cv-01207-DAD-BAM, 1:17-cv-01056-DAD-BAM (consolidated)<br><br><u>ORDER PERMITTING FURTHER BRIEFING REGARDING JEFFREY COX'S REQUEST TO SEAL</u><br><br>(Doc. No. 182) |
| ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>    Counter-Plaintiff and Defendant,<br><br>    v.<br><br>JEFFREY COX,<br><br>    Counter-Defendant and Plaintiff. | |

1

| | |
|---|---|
| 1 | ROADRUNNER INTERMODAL |
| 2 | SERVICES, LLC, a Delaware limited liability company, |
| 3 | Plaintiff, |
| | v. |
| 4 | T.G.S. TRANSPORTATION, INC., a California corporation, and DOES 1-10, |
| 5 | Defendants. |

On February 19, 2019, Roadrunner Intermodal Services, LLC ("Roadrunner") filed a motion for summary judgment. (Doc. No. 175.) In connection with that motion, Roadrunner filed a request to seal, seeking to have certain exhibits attached to its motion for summary judgment filed under seal. (Doc. No. 176). After considering Roadrunner's submissions, the court requested further briefing addressing the request to seal to be filed by March 8, 2019. (Doc. No. 177.) Roadrunner has not yet submitted supplemental briefing addressing what compelling reasons exist to shield the material from public disclosure.

On March 5, 2019, Jeffrey Cox ("Cox") filed an opposition to defendants' motion for summary judgment. (Doc. No. 181.) Cox also filed a separate request to seal certain exhibits submitted with that opposition. (Doc. No. 182.) However, Cox did not provide a compelling reason for sealing and merely stated that the documents in question include confidential information pursuant to the protective order issued in this case. (*Id.* at 2.) As discussed in the court's earlier order, sealing of a document is not automatically appropriate merely because the document was produced as "confidential" pursuant to a protective order. (*See* Doc. No. 117 at 4–5.)

The legal standards for filing documents under seal or for filing redacted documents on the docket have been thoroughly discussed by the court in its prior orders and will not be restated here. (*See* Doc. No. 177.) As previously discussed, the court cannot order documents to be filed under seal without a compelling reason for doing so. However, the court acknowledges that parties other than plaintiff Cox, including defendant Roadrunner, may be better equipped to explain why these documents should be filed under seal. Therefore, the court will accept additional briefing addressing this issue within fourteen days of the date of this order. That

2

supplemental briefing shall not exceed fifteen pages in length.  Additional briefing shall address the issues discussed in the court's prior order.  (*See* Doc. No. 177.)  The parties are directed to notify the court if they do not wish to submit supplemental briefing, in which case, the documents will be filed in their original format on the public docket.[1]

Finally, all parties are once again directed to take note of the requirements of Local Rule 141, which sets forth the appropriate procedure for submitting requests to seal.  Specifically, the court notes that if a party seeks to file documents under seal, it must still send such documents to the court in an unredacted format.  Therefore, Cox is directed to immediately send unredacted versions of the documents covered by his sealing request to the court or inform the court why he is unable to do so.

IT IS SO ORDERED.

Dated:  **March 6, 2019**

UNITED STATES DISTRICT JUDGE

---

[1] In his request to seal, Cox stated that he requested permission from opposing counsel to file the documents on the public docket but did not receive permission to do so prior to the deadline for filing of the opposition to defendant's motion for summary judgment. (Doc. No. 182 at 2.)  Cox acknowledged that he had provided limited notice to opposing counsel prior to filing his request to seal. (*Id.*)  In the future, the parties are directed to communicate in advance of any motion deadlines as to such issues.  Future requests to seal unaccompanied by a statement establishing compelling reason will be summarily denied, and the documents will either be filed on the public docket in an unredacted format or returned to the submitting party.

3