# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY COX,<br><br>    Plaintiff,<br><br>    v.<br><br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company, CENTRAL CAL TRANSPORTATION, LLC, a Delaware limited liability company, and DOES 1 through 50,<br><br>    Defendants.<br>_____/<br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>    Defendant/Counter-Plaintiff,<br><br>    v.<br><br>JEFFREY COX,<br><br>    Plaintiff/Counter-Defendant.<br>_____/<br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>T.G.S. TRANSPORTATION, INC., a California corporation, and DOES 1-10,<br><br>    Defendants.<br>_____/ | Case No. 1:17-cv-01056-DAD-BAM<br><br>**ORDER GRANTING *EX PARTE* APPLICATION TO QUASH BRUCE W. HONEYMAN, PH.D.'S SUBPOENA TO TESTIFY AT DEPOSITION AND PRODUCE PRIVILEGED RECORDS**<br><br>(DOC. No. 211) |

///

1

On May 16, 2019, non-party Bruce W. Honeyman, Ph.D. ("Dr. Honeyman") filed an *ex parte* application pursuant to Federal Rule of Civil Procedure 45 for an order to quash a subpoena issued by Roadrunner Intermodal Services, LLC ("Roadrunner") requiring Dr. Honeyman to appear at a deposition on May 17, 2019, and to produce confidential records and testimony. (Doc. No. 211.) Following a review of the application, the Court permitted Roadrunner and Mr. Jeffrey Cox to file responses to the *ex parte* application to quash. The Court also set the matter for hearing on May 31, 2019, and stayed the deposition of Dr. Honeyman pending resolution of the motion. (Doc. No. 212.)

On May 24, 2019, Roadrunner filed an opposition to the *ex parte* application. (Doc. No. 214.) Mr. Jeffrey Cox also filed a response indicating that he does not oppose the application for an order to quash. (Doc. No. 215.)

The Court found the application suitable for resolution without oral argument, vacated the hearing and the matter was deemed submitted. (Doc. No. 216.)

Having considered the moving and response papers, and for the reasons that follow, Dr. Honeyman's *ex parte* application for an order to quash the subpoena will be granted.

**I.     Background**

On March 11, 2019, Mr. Cox served his expert disclosures, which included information regarding Dr. Honeyman as a non-retained expert. (Doc. No. 215-1, Declaration of Christopher Rusca ("Rusca Decl.") at ¶ 5 and Ex. B.) Dr. Honeyman is a licensed psychologist and is the treating therapist for Mr. Cox and Mr. Cox's wife. (Id.) Mr. Cox also identified a retained expert, Stephanie Rizzardi, Ph.D., who reportedly opined, among other things, that based on the "best available information," Mr. Cox has and would incur over $14,000 in damages as a result of seeking marital counseling due to the alleged wrongful termination. (Doc. 214-3, Declaration of Todd Pickles ("Pickles Decl.") at ¶¶ 2, 3 and Ex. 2.)

On March 22, 2019, Roadrunner emailed counsel for Mr. Cox a copy of the deposition subpoena for Dr. Honeyman. (Id. at ¶ 5.) Dr. Honeyman was never personally served with the subpoena and document demand. (Doc. No. 211-2, Declaration of Kathleen A. Humphrey ("Humphrey Decl.") at ¶ 8.) Nevertheless, counsel for Dr. Honeyman timely objected to the subpoena on March 29, 2019, and notified all counsel that there were no authorizations for release of the therapy

records. (Id. at ¶ 9; Rusca Decl. at ¶ 10.) Mrs. Cox reportedly refused to provide a waiver. (Doc. 215-1, Rusca Decl. at ¶ 9; Humphrey Decl. at ¶ 10 ("[A]ll counsel have been repeatedly notified that Mrs. Cox has specifically instructed that she does not want her private therapy records released.")).

Based on Dr. Honeyman's objections and issues regarding Mrs. Cox's refusal to waive any privilege, on April 2, 2019, Mr. Cox served all parties with a notice of the de-designation of Dr. Honeyman as a non-retained expert. (Doc. 215-1, Ex. A to Rusca Decl.)

On May 2, 2019, counsel for Roadrunner contacted counsel for Dr. Honeyman by email to advise that Roadrunner intended to proceed with the deposition of Dr. Honeyman despite Mrs. Cox' lack of consent. (Doc. 211-2, Humphrey Decl. at ¶ 12.)

On May 8, 2019, Roadrunner reportedly inquired whether the other parties would be willing to allow the deposition of Dr. Honeyman after the non-expert discovery deadline, which expired on February 22, 2019. (Id. at ¶ 14; Doc. No. 111.) On the same date, Roadrunner served Dr. Honeyman with an amended subpoena and noticed the deposition for May 17, 2019. (Doc. 211-2, Ex. C to Humphrey Decl.) May 17, 2019 was the last day to complete expert discovery. (Doc. No. 195.)

Dr. Honeyman filed the instant application to quash on May 16, 2019. (Doc. 211-1.) As noted above, the Court permitted both Roadrunner and Mr. Cox to file responses to the application and stayed the deposition of Dr. Honeyman and the related document production pending resolution of the application. (Doc. 212.)

**II.** **Legal Standard**

Federal Rule of Civil Procedure 45 governs the deposition and records subpoena at issue here. Rule 45 provides that a party or attorney responsible for issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The court must enforce this duty and impose an appropriate sanction on a party or attorney who fails to comply. Id. Pursuant to Rule 45(d)(3)(A), the court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or
(iv) subjects a person to undue burden.

3

Fed. R. Civ. P. 45(d)(3)(A). Further, pursuant to Rule 45(d)(3)(B)(ii), the court may quash or modify a subpoena if it requires "disclosing an unretained expert's opinion…." Fed. R. Civ. P. 45(d)(3)(B)(ii).

**III. Discussion**

    A. <u>Summary of Dr. Honeyman's Position</u>

Dr. Honeyman reports that he is not a party to this lawsuit and is not a retained expert. Instead, he is the marital therapist for Mr. Cox and his wife, Mrs. Cox. Dr. Honeyman contends that he would be in breach of his ethical duties as a California psychologist and could lose his license if forced to testify and provide documents without written authorizations from both Mr. Cox and Mrs. Cox. It is Dr. Honeyman's understanding that Mrs. Cox does not intend to provide authorization permitting him to testify or produce records. (Doc. No. 211-1 at 3.)

Dr. Honeyman reportedly notified Roadrunner that as a result of Mrs. Cox' refusal to waive the psychotherapist-patient privilege, he "cannot disclose anything that was said in confidence to him during or for treatment notwithstanding Mr. Cox's willingness to waive said privilege." (<u>Id.</u> at 4.) According to Dr. Honeyman, Roadrunner has insisted the deposition proceed despite the fact that he "cannot offer any testimony without breaching his ethical duties as a psychologist in California and placing his license in jeopardy." (<u>Id.</u>) Dr. Honeyman contends that if he were forced to provide testimony and documents without authorizations for release, he would be in violation of HIPAA and the Medical Information Act concerning patient confidentiality. Dr. Honeyman argues that he should not be unduly burdened and forced to breach his ethical duties and threaten his medical license based on Roadrunner's untimely and improper subpoena.

Dr. Honeyman therefore seeks to quash the subpoena as required under the provisions of Rule 45(d)(3)(a)(iii) and (iv) because it requires disclosure of privileged or other protected mater where no exception or waiver applies, and it subjects him to undue burden. Additionally, Dr. Honeyman asserts that the Court may quash the subpoena pursuant to Rule 45(d)(3)(B)(ii) because it would require disclosure of an unretained expert's opinion.

///

4

B. Summary of Roadrunner's Position

Roadrunner first argues that Mr. Cox has waived the privilege as to evidence relating to counseling because he has placed his mental and emotional state directly at issue and because he is seeking as actual damages regarding the medical costs associated with treatment by Dr. Honeyman. (Doc. No. 214 at 7-8.) Roadrunner argues that it would be inequitable for Mr. Cox to place his treatment with Dr. Honeyman at issue and seek damages for the counseling costs, but bar Roadrunner from obtaining evidence from Dr. Honeyman because Mrs. Cox has not given consent to the deposition. Roadrunner also argues that it has not seen any declaration or admissible evidence stating Mrs. Cox position.

Nevertheless, Roadrunner explains that it is not arguing that Mr. Cox' waiver also serves to waive Mrs. Cox' privilege, nor is it seeking to obtain discovery of Mrs. Cox' statements, Dr. Honeyman's observations of her demeanor, or any other confidences of Mrs. Cox. Rather, Roadrunner seeks the following discovery, reportedly narrowly tailored to the issues Mr. Cox has placed at issue:

(1) Dr. Honeyman's testimony and notes concerning Cox's statements;
(2) Dr. Honeyman's testimony and notes observations of Cox's demeanor and other such matters;
(3) Any opinions or conclusions that Dr. Honeyman formed concerning whether Cox was seeking counseling related to Cox's allegations of wrongful termination or due to "alternate stressors,"
(4) Information relating to the frequency and expected duration of the counseling, and
(5) The costs of the counseling.

(Doc. No. 214 at 9.)

Roadrunner alternatively suggests that if the Court finds it impossible for Dr. Honeyman to separate the confidences of Mr. Cox from those of his wife, then Mr. Cox should be precluded from offering evidence relating to Dr. Honeyman's treatment and counseling, including the costs associated with that treatment. (Id.) Roadrunner contends that fundamental fairness compels either narrow discovery of Dr. Honeyman on the subjects that Mr. Cox has placed at issue or Mr. Cox must be precluded from offering evidence shielded from discovery by the privilege, particularly evidence regarding damages. (Id. at 11-12.)

### C. Summary of Mr. Cox' Position

Mr. Cox reports that while his is willing to waive the psychotherapist-privilege, Mrs. Cox is not. Although he initially designated Dr. Honeyman as an unretained expert, when it became clear that non-party Mrs. Cox was unwilling to waive the privilege, Mr. Cox immediately sought to withdraw the designation even though it would prejudice his case and he may be precluded from calling Dr. Honeyman as a witness.

Mr. Cox now argues that because Dr. Honeyman is no longer a retained or non-retained expert and the deadline for non-expert discovery is closed, Roadrunner should be precluded from deposing Dr. Honeyman. Even if that were not the case, Mr. Cox contends that the law is clear that Dr. Honeyman cannot testify because Mrs. Cox is unwilling to waive the psychotherapist-client privilege. Mr. Cox explains that in diversity cases such as this one, the psychotherapist-patient privilege is governed by state law and under California state law, a waiver by one spouse in marital therapy does not act as a waiver for the other. Mr. Cox therefore contends that all communications within a marital therapy session are encompassed by the privilege and in order to discuss Dr. Honeyman would require a waiver from both Mr. Cox and Mrs. Cox. Mr. Cox asserts that this is true even if he had conditional communications with Dr. Honeyman outside the presence of Mrs. Cox those communications also would be privileged because they were made for the benefit of Mrs. Cox' treatment. (Doc. No. 215 at 5.)

### D. Analysis

As a preliminary matter, the Court finds that the deposition of Dr. Honeyman should not be permitted because the deadline to complete non-expert discovery expired more than three months ago, and Dr. Honeyman is no longer designated as a retained or non-retained expert. However, even if he remained a non-retained expert, any request to order compliance with the amended subpoena is untimely. Roadrunner did not serve the amended subpoena sufficiently in advance of the expert discovery cutoff so that the Court could effectively address this dispute before expiration of the allotted time for discovery. See Doc. No. 195 at 4 (discussion of discovery cutoffs and limits).

Setting aside the untimely nature of the subpoena and discovery at issue, the motion to quash should be granted. First, the subpoena must be quashed because it requires disclosure of privileged

matter to which no exception or waiver applies. Fed. R. Civ. P. 45(d)(3)(a)(iii).) In diversity cases such as this one, the psychotherapist-patient privilege is governed by the state law of California. Fed. R. Evid. 501. California law recognizes the psychotherapist-patient privilege. Cal. Evid. Code § 1014. Communications disclosed in group therapy, such as martial therapy, are privileged and protected. Id.; see also Farrell L. v. Superior Court 203 Cal.App.3d 521, 527 (1988). Further, disclosures from family members to assist in treatment also are privileged. Grosslight v. Superior Court 72 Cal.App.3d 502, 508 (1977). Thus, all communications (and related documents) during the therapy sessions involving Dr. Honeyman are encompassed by the privilege, whether made by Mr. Cox or Mrs. Cox in the course of treatment. In the absence of Mrs. Cox' authorization or waiver of the privilege, the subpoena would require disclosure of privileged or other protected matter. It is evident to the Court that Mrs. Cox has not waived the psychotherapist-privilege and has not authorized Dr. Honeyman to provide testimony or documents concerning the marital counseling provided to Mr. and Mrs. Cox. Even if Mr. Cox is willing to waive the privilege, his waiver alone is not sufficient. Cal. Evid. Code § 912(b).

Second, the subpoena must be quashed because enforcement would place an undue burden on Dr. Honeyman and subject him to possible professional repercussions. Fed. R. Civ. P. 45(b)(3)(a)(iv). Dr. Honeyman has represented that it is impossible to separate his testimony and the records without breaching Mrs. Cox' confidentiality. In the absence of Mrs. Cox' authorization, Dr. Honeyman would be unduly burdened and forced to breach his ethical duties by responding to the subpoena.

For these reasons, the Court finds that the subpoena requiring Dr. Honeyman to testify and produce records in this action should be quashed. Mr. Cox is cautioned, however, that in the absence of Dr. Honeyman's testimony, he may be precluded from introducing evidence concerning Dr. Honeyman's treatment or the costs associated with that treatment. Motion in limine practice is the appropriate vehicle to address evidence preclusion.

**IV. Conclusion and Order**

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. The *ex parte* application to quash Bruce W. Honeyman, Ph.D.'s subpoena to testify at deposition and produce privileged records is HEREBY GRANTED; and

2. The Subpoena to Testify at a Deposition in a Civil Action and the Requests for Documents, 1-30 attached thereto and served on non-party Bruce W. Honeyman, Ph.D., is HEREBY QUASHED IN ITS ENTIRETY.

IT IS SO ORDERED.

Dated: **May 30, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE