UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY COX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company, CENTRAL CAL TRANSPORTATION, LLC, a Delaware limited liability company, and DOES 1 through 50,<br><br>　　　　　Defendants.<br><br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>　　　　　Counter-Plaintiff and Defendant,<br><br>　　v.<br><br>JEFFREY COX,<br><br>　　　　　Counter-Defendant and Plaintiff. | No. 1:17-cv-01207-DAD-BAM, 1:17-cv-01056-DAD-BAM (consolidated)<br><br><u>ORDER GRANTING TGS TRANSPORTATION, INC.'S REQUEST TO SEAL DOCUMENTS IN CONNECTION WITH ITS MOTION FOR SUMMARY JUDGMENT</u><br><br>(Doc. No. 218-9) |

1

| | |
|---|---|
| 1 | ROADRUNNER INTERMODAL |
| 2 | SERVICES, LLC, a Delaware limited liability company, |
| 3 | Plaintiff, |
| | v. |
| 4 | T.G.S. TRANSPORTATION, INC., a California corporation, and DOES 1-10, |
| 5 | Defendants. |

On June 7, 2019, TGS Transportation ("TGS") filed a motion for summary judgment. (Doc. No. 218.) In connection with that motion, TGS filed a request to seal, seeking to file redacted versions of its points and authorities in support of the motion and attached exhibits. (*See* Doc. No. 218-9). Having considered TGS's submissions, the court will grant TGS's request and permit TGS to file redacted copies of such documents on the docket.

## LEGAL STANDARD

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").[1] "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). The Ninth Circuit has recognized as follows:

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

---

[1] Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

*Kamakana*, 447 F.3d at 1180 (citations omitted). The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (quotations omitted).

Under the "compelling reasons" standard:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks, omissions, and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or in limine—though such motions are not dispositive—may be governed by the "compelling reasons" test, predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)).[2]

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to

---

[2] In keeping with this principle, requests to seal documents relating to motions for a preliminary injunction have been found by the Ninth Circuit to "more than tangentially relate[] to the merits" because success on the motion for a preliminary injunction would have resolved a portion of the claims in the underlying complaint. *Ctr. for Auto Safety*, 809 F.3d at 1102.

gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

**ANALYSIS**

Because the pending request to seal has been filed in connection with a motion for summary judgment, the "compelling reasons" standard applies to the request. *See Xie v. De Young Properties 5418, LP*, No. 1:16-cv-01518-DAD-SKO, 2018 WL 3241068, at *2 (E.D. Cal. July 2, 2018); *Figueroa v. City of Fresno*, No. 1:15-cv-00349-DAD-BAM, 2016 WL 7104168, at *2 (E.D. Cal. Dec. 6, 2016).

Here, TGS requests permission to file redacted versions of documents that withhold detailed historical revenue, sales, profits, losses, costs, margins, future estimates or projects, or other figures derived from the information above, regarding TGS, Roadrunner, or third-party customers of TGS and Roadrunner. (Doc. No. 218-9 at 2.) TGS argues that this information should be redacted because it "constitutes private information of competitive value of those third-parties that others in the industry could use to harm or otherwise unfairly compete with those third-parties." (*Id.*) Other courts have found it appropriate to redact "private financial information of competitive value." *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09MD2087 BTM AJB, 2011 WL 3759632, at *2 (S.D. Cal. Aug. 25, 2011) (granting request to seal detailed financial information, information about a profit-sharing plan, and pricing information of a retailer under a "compelling reasons" standard); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes . . . [such] as sources of business information that might harm a litigant's competitive standing . . . ."); *SMD Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (granting request to seal documents "which reference confidential information such as plaintiffs' pricing methods, projected costs and profit margin, the parties' revenue and revenue growth information, and customer loyalty information" under the

good cause standard).  The information that TGS seeks to redact from the filing which appears on the public docket here may be used to harm litigants in this case.  Therefore, the court is persuaded that here, TGS has made a showing that there is a compelling interest in redacting documents filed in connection with its motion for summary judgment.

      Accordingly, TGS's request to file redacted documents in support of their motion for summary judgment (Doc. No. 218-9) is granted.

IT IS SO ORDERED.

Dated: **June 19, 2019**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE