UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY COX,<br><br>             Plaintiff,<br><br>      v.<br><br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company, CENTRAL CAL TRANSPORTATION, LLC, a Delaware limited liability company, and DOES 1 through 50,<br><br>             Defendants.<br><br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>             Counter-Plaintiff and Defendant,<br><br>      v.<br><br>JEFFREY COX,<br><br>             Counter-Defendant and Plaintiff. | No. 1:17-cv-01207-DAD-BAM, 1:17-cv-01056-DAD-BAM (consolidated)<br><br><br>ORDER GRANTING IN PART ROADRUNNER INTERMODAL SERVICES, LLC'S REQUEST TO SEAL DOCUMENTS IN CONNECTION WITH OPPOSITION TO MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 222–26, 233, 237) |

1

ROADRUNNER INTERMODAL
SERVICES, LLC, a Delaware limited
liability company,
Plaintiff,
v.
T.G.S. TRANSPORTATION, INC., a
California corporation, and DOES 1-10,
Defendants.

On June 7, 2019, TGS Transportation ("TGS") filed a motion for summary judgment. (Doc. No. 218.) On July 2, 2019, Roadrunner Intermodal Services, LLC ("Roadrunner") filed a request to seal, seeking to file a redacted version of its opposition to TGS's motion for summary judgment, its response to TGS's statement of undisputed facts, its statement of disputed facts, and certain exhibits to the declaration of Todd Pickles. (*See* Doc. Nos. 222–26.)

In its request, Roadrunner explained that it submitted provisionally under seal portions of its opposition, statement of disputed facts, and Exhibits 4 through 17 of the Declaration of Todd Pickles at the request of TGS and Expeditors International ("Expeditors"), a third-party, and therefore did not offer any basis upon which to seal these materials. (Doc. No. 225 at 1.)[1] Consequently, the court directed TGS and Expeditors to provide briefing as to whether compelling reasons exist that would support the request to seal. (Doc. No. 227.) On July 10, 2019, TGS and Expeditors filed a joint reply brief in response to the court's order. (Doc. No. 233.) On July 16, 2019, Nicole Phillis, counsel for Expeditors, filed a declaration in further support of the July 10, 2019 joint reply brief. (Doc. No. 237.)

Having considered Roadrunner, TGS and Expeditors' submissions, Roadrunner's request will be granted in part and denied in part.

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits

---

[1] The unredacted version of Roadrunner's request to seal emailed directly to the court does not match the redacted version (Doc. No. 222) on the docket. Because the unredacted version is unmarked and does not contain headers, for the purposes of this order, the court will continue to cite to the request to seal as Doc. No. 222 and refer to the page numbers printed on the document.

of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").[2] "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). The Ninth Circuit has recognized as follows:

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (quotations omitted).

Under the "compelling reasons" standard:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks, omissions, and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

---

[2]   Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or in limine—though such motions are not dispositive—may be governed by the "compelling reasons" test, predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)).[3]

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

## DISCUSSION

Because the pending request to seal has been filed in connection with a motion for summary judgment, the "compelling reasons" standard applies. *See Xie v. De Young Properties 5418, LP*, No. 1:16-cv-01518-DAD-SKO, 2018 WL 3241068, at *2 (E.D. Cal. July 2, 2018); *Figueroa v. City of Fresno*, No. 1:15-cv-00349-DAD-BAM, 2016 WL 7104168, at *2 (E.D. Cal. Dec. 6, 2016).

Here, Roadrunner requests permission to file a redacted version of its opposition to TGS's motion for summary judgment, its response to TGS's statement of undisputed facts, its statement of disputed facts, and certain exhibits to the declaration of Todd Pickles. (Doc. No. 222 at 1.)

---

[3] In keeping with this principle, requests to seal documents relating to motions for a preliminary injunction have been found by the Ninth Circuit to "more than tangentially relate[] to the merits" because success on the motion for a preliminary injunction would have resolved a portion of the claims in the underlying complaint. *Ctr. for Auto Safety*, 809 F.3d at 1102.

4

More specifically, Roadrunner seeks redactions of: (1) financial information that the court has previously sealed in connection to TGS's motion for summary judgment (*see* Doc. No. 221); and (2) documents, as described above, submitted at the request of TGS and Expeditors. The court will address both sets of documents.

**A. The Court Will Grant Roadrunner's Request to Redact Financial Information of Roadrunner and TGS**

Roadrunner requests permission to file redacted versions of its opposition brief, along with its response to TGS's Statement of Undisputed Facts and Roadrunner's Statement of Disputed Facts. (Doc. No. 225 at 2.) These documents refer to specific financial information for TGS and Roadrunner in relation to the customers at issue drawn from the report of Richard Eichmann, an economist retained by Roadrunner to provide expert testimony in this case. (*Id.*) The financial information details historical revenue, sales, profits, losses, costs, margins, future estimate or projects, or other figures derived from such information, regarding TGS, Roadrunner, or third-party customers of TGS and Roadrunner. (*Id.*) Roadrunner contends that this information should be redacted because it constitutes "private information that could be used to harm or unfairly compete with the litigants in this case." (*Id.*)

Courts have found it appropriate to redact "private financial information of competitive value." *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09MD2087 BTM AJB, 2011 WL 3759632, at *2 (S.D. Cal. Aug. 25, 2011) (granting request to seal detailed financial information, information about a profit-sharing plan, and pricing information of a retailer under a "compelling reasons" standard); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes . . . [such] as sources of business information that might harm a litigant's competitive standing . . .."); *SMD Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (granting request to seal documents "which reference confidential information such as plaintiffs' pricing methods, projected costs and profit margin, the parties' revenue and revenue growth information, and customer loyalty information" under the good cause standard). The information that

Roadrunner seeks to redact from the filing which appears on the public docket may be used to harm litigants in this case. Therefore, the court is persuaded that Roadrunner has made a sufficient showing that there is a compelling interest in redacting its opposition, along with its response to TGS's Statement of Undisputed Facts and its Statement of Disputed Facts.

Accordingly, to the extent that they include financial information drawn from Mr. Eichmann's report, Roadrunner's request to file redacted versions of its documents in opposition to TGS's motion for summary judgment (Doc. Nos. 222–25) on the public docket, is granted.

**B. The Court Will Grant In Part and Deny in Part Roadrunner's Request to Redact TGS's and Third-Party Expeditors' Documents**

As noted, at the request of TGS and Expeditors, Roadrunner submitted a request to seal the remaining portions of its opposition brief and its Statement of Undisputed Facts, along with Exhibits 4 through 17 of the Declaration of Todd Pickles, but did not offer any basis upon which to seal these materials. (Doc. No. 225 at 4.) Following the court's order directing TGS and Expeditors to provide briefing as to whether compelling reasons exist supporting the request to seal, TGS explained that it seeks redactions of documents that (1) specifically disclose specific revenue, sales, profits, losses, costs, expenses, margins, or other figures for TGS, Roadrunner, and/or third-party customers of TGS or Roadrunner and that also disclose details of TGS's banking and lending relationships and contacts; and (2) reflect Expeditors' private information of competitive value. (Doc. No. 233 at 4.) The court will address each subset of these documents below.

*1. TGS's Financial, Banking, and Contact Information*

TGS seeks to file redactions of documents that specifically disclose TGS's financial, banking and lending relationships and communications, detailed historical revenue sales, profits, losses, cost, margins, future estimates or projections for TGS, Roadrunner, and/or third-party customers of TGS or Roadrunner. (*Id.* at 3.) TGS specifies that this information is included in portions of Exhibits 6, 10, and 12 of the Declaration of Todd Pickles. (*Id.* at 5.) TGS argues that such detailed and specific information is "confidential business information for Roadrunner, TGS, and the third-parties with whom they do business and constitute sources of information the public

disclosure of which may harm Roadrunner's, TGS's, and/or the third-parties' competitive standing in the marketplace." (*Id.* at 3.) Because the information that TGS seeks to redact may be used to harm litigants in this case, the court is persuaded that TGS has made a sufficient showing that there is a compelling interest in redacting the portions of Exhibits 6, 10, and 12 od the Declaration of Todd Pickles. *In re Hydroxycut*, 2011 WL 3759632, at *2. Accordingly, Roadrunner's request to file redacted versions of exhibits 6, 10, and 12[4] to the declaration of Todd Pickles (Doc. Nos. 225–26, 233) on the public docket is granted.

### 2. *Expeditors' Private Information*

Third-party Expeditors seeks to file redactions to portions of Exhibit 15 of the Declaration of Todd Pickles. (Doc. No. 233 at 3.) Expeditors limits its requested redaction to passwords, security codes, TGS's tax identification, and internal forms and checklists that reflect Expeditors' internal and proprietary business procedures regarding risk assessments for potential service providers. (*Id.* at 3–4.) In her declaration, Expeditors' counsel specifies that this information is included on pages to Exhibit 15 labeled (1) RTS_214–15, (2) RTS_217, (3) RTS_222, and RTS_232–241. (Doc. No. 237 at 4.)

Expeditors argues that the identified information in RTS_214–15, which describes Expeditors' internal risk assessment procedure for all service providers, constitutes "sensitive competitive information regarding its internal onboarding and compliance processes for its global logistic business." (*Id.* at 4.) RTS_217 includes the non-public password to access Expeditors' internal procedures for approved service providers, and RTS_222 includes the passcode to access TGS/Expeditors documents. (*Id.*) Expeditors argues that the form in RTS_232–241, which sets forth Expeditors' risk assessment procedures for evaluating service provider qualifications, is business confidential and proprietary. (*Id.*) Expeditors contends that these documents constitute "private information of competitive value of those third-parties that others in the industry could use to harm or otherwise unfairly compete with those third-parties." (Doc. No. 233 at 4.)

---

[4] Although Roadrunner filed redacted versions of Exhibits 4 through 17 of the Declaration of Todd Pickles, the court will authorize redactions to Exhibits 6, 10, and 12 as addressed in TGS's and Expeditors' joint reply brief. (*See* Doc. No. 233 at 5.)

The court concludes that TGS and Expeditors have failed to present "compelling reasons" that would justify the filing of Exhibit 15 under seal as to all the redactions they seek authorization.  Compelling reasons exist to redact the passwords and passcodes listed in RTS_217 and RTS_222, as well as in numeric point 4 listed in RTS_215.  *See ASUS Computer Int'l v. InterDigital, Inc.*, No. 15-cv-01716-BLF, (2019 WL 1411234), at *2 (N.D. Cal. Mar. 28, 2019) (granting the sealing request to redact the password to an encrypted USB drive that would lend access to confidential information and cause competitive harm to the parties).

However, the court is not persuaded that the request to seal the remaining redactions of numeric points 1–3 and 5–9 in RTS_214–15 and RTS_232–241 should be granted.  Expeditors categorically characterizes its internal risk assessment procedures as containing "confidential business information" and proposes to redact the entirety of pages RTS_232–241.  (Doc. No. 237 at 4.)  The mere existence of the procedures is not itself a trade secret that effectively warrants the sealing, rather than the redaction, of the form.  *See Mack v. Dearborn Nat'l Life Ins.*, No. 2:14-cv-1665-KJM-DAD, 2014 WL 12572866, at *2 (E.D. Cal. Aug. 26, 2014) (denying plaintiff's request to seal because plaintiff "fails to explain why some or all of the exhibits should not be redacted in accordance with Local Rule 140 rather than sealed").  Moreover, Expeditors' does not provide a factual basis for the assertion that disclosure of any of the redactions in RTS_214–15 and RTS_232–241 could lead to unfair harm or competition to Expeditors' business and its customers.  *See Hodges v. Apple Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) ("An unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient.").  Because Expeditors has failed to come forward with compelling reasons that would justify the requested redactions of RTS_214–15 and RTS_232–241, Roadrunner's request to seal Exhibit 15 (Doc. Nos. 225, 233, 237) is denied as to information unrelated to non-public passwords and passcodes.

## CONCLUSION

For the reasons set forth above, Roadrunner's request to seal (Doc. No. 225) is granted in part as delineated above.  Roadrunner will also be required to provide counsel for TGS an

unredacted version of the opposition brief and its supporting documents if they have not already done so.

IT IS SO ORDERED.

Dated:   **July 29, 2019**

_____
UNITED STATES DISTRICT JUDGE