UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>T.G.S. TRANSPORATION, INC., a California corporation, and DOES 1-10,<br><br>    Defendants. | No. 1:17-cv-01207-DAD-BAM, 1:17-cv-01056-DAD-BAM (consolidated)<br><br>ORDER DENYING JEFFREY COX'S MOTION TO MODIFY SCHEDULING ORDER<br><br>(Doc. No. 258) |
| JEFFREY COX,<br><br>    Plaintiff,<br><br>    v.<br><br>ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company, CENTRAL CAL TRANSPORTATION, LLC, a Delaware limited liability company, and DOES 1 through 50,<br><br>    Defendants. | |

1

| | |
|---|---|
| 1 | ROADRUNNER INTERMODAL SERVICES, LLC, a Delaware limited liability company, |
| 2 | |
| 3 | Counter-Plaintiff and Defendant, |
| 4 | |
| 5 | v. |
| 6 | JEFFREY COX, |
| 7 | Counter-Defendant and Plaintiff. |

Before the court is plaintiff and counter-defendant Jeffrey Cox's motion to modify the court's scheduling order. (Doc. No. 258.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, Cox's motion was taken under submission on the papers. (Doc. No. 259.) For the reasons explained below, the court will deny the motion.

## BACKGROUND

The facts of this case have been outlined extensively in the court's prior orders. As relevant to this motion, all that is necessary is a brief outline. In summary, Roadrunner Intermodal Services, LLC ("Roadrunner"), Central Cal Transportation ("Central Cal"), and Cox, among other parties, entered into a stock purchase agreement ("SPA") on November 2, 2012, pursuant to which Roadrunner purchased all the stock and assets of Central Cal and Double C Transportation, another trucking company, for approximately $3.8 million. (*See* Doc. Nos. 90 at 2–4.) The SPA also included an earn-out payment to Cox if certain parameters regarding Central Cal's earnings before interest, taxes, depreciation, and amortization ("EBITDA") were met. (*Id.* at 3.)

Cox continued working for Central Cal after it was sold to Roadrunner. While working for Central Cal, Cox noticed irregularities in Roadrunner and Central Cal's accounting, which affected the way the company's EBITDA was being calculated. Cox was concerned that the

accounting irregularities were due to intentional fraud in violation of federal securities laws and by September of 2016, communicated these concerns to executives at Roadrunner.  (*See* Doc. No. 98 at ¶¶ 22–28.)

On or about January 30, 2017, Roadrunner publicly stated that it had become aware of various accounting discrepancies within the company, and that the public should not rely on various financial statements and associated reports previously filed by Roadrunner with the SEC. (*Id.* at ¶ 37.)  In January 2017, Cox's role was changed from Vice-President of Operations at Central Cal to a sales role at Roadrunner.  (*Id.* at ¶ 39.)  On February 17, 2017, Cox and David Chidester, another prior owner of Central Cal, initiated a lawsuit against Roadrunner over issues related to the earn-out payment, which was not resolved through a mediation.  (*See* Doc. No. 113-1 at 5–6.)  Roadrunner terminated Cox on May 31, 2017.  (*Id.* at 6.)  On July 25, 2017, Cox filed a complaint in Fresno County Superior Court asserting causes of action relating to his termination which he alleged was wrongful.  (*Id.*)  Cox accepted employment with T.G.S Transportation, Inc. ("TGS") beginning in July 2017.  (Doc. No. 90 at 3.)  Roadrunner filed its action against TGS in this court on August 7, 2017, alleging claims arising from the SPA's non-competition provisions, among other things.  (Doc. No. 1.)

On February 7, 2018, the undersigned denied Roadrunner's motion for a preliminary injunction, granted TGS' motion to consolidate this case with *Cox v. Roadrunner Intermodal Services, LLC, et al.*, No. 1:17-cv-01207-DAD-BAM (E.D. Cal.), and granted Cox's motion to intervene. (Doc. No. 90.)  On March 28, 2019, the court issued an order denying Cox's motion for partial summary judgment, which had sought a declaratory judgment that the non-competition provisions of the parties' SPA were unlawful and unenforceable.  (Doc. No. 199.)  Then, on August 21, 2019, the court issued an order denying Cox's motion for reconsideration of the March 28, 2019 order denying his motion for partial summary judgment.  (Doc. No. 243.) Finally, the court ruled on the last pending dispositive motion in this case on May 28, 2021, when the court granted in part and denied in part TGS' motion for summary judgment.  (Doc. No. 249.) This case was subsequently scheduled for a telephonic pretrial conference to take place on
/////

February 28, 2022 and set for a jury trial before the undersigned commencing on April 26, 2022. (Doc. No. 251.)

On October 19, 2021, Cox filed a motion to modify the court's previous scheduling order, seeking to file a new motion for summary judgment in light of allegedly new facts. (Doc. No. 258.) Roadrunner filed an opposition to Cox's motion on November 2, 2021, and Cox filed a reply thereto on November 9, 2021. (Doc. Nos. 260, 263.)

**LEGAL STANDARD**

In moving for the court to amend its scheduling order, a party must satisfy the "good cause" showing required under Rule 16, which governs the modification of scheduling orders. *Johnson v. Mammoth Recreations, Inc*, 975 F.2d 604, 609 (9th Cir. 1992); *Aaron & Andrew, Inc. v. Sears Holdings Mgmt. Corp.*, No. 14-cv-1196-SS, 2017 WL 3449597, at *2 (C.D. Cal. Feb 7, 2017); *Taylor Morrison of Cal., LLC v. First Specialty Ins. Corp.*, No. 15-cv-1711-JVS-JCGx, 2016 WL 7626138, at *1 (C.D. Cal. Nov. 10, 2016). "Unlike Rule 15(a)'s liberal amendment policy, which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Judges of this district have adhered to a three-step inquiry in determining whether good cause under Rule 16 has been satisfied:

> To demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Wake Forest Acquisitions, L.P. v. Vanderbilt Commercial Lending, Inc.*, No. 2:15-cv-02167-KJM-DB, 2018 WL 1586362, at *3 (E.D. Cal. Apr. 2, 2018) (brackets omitted); *Grant v. United States*, No. 2:11-cv-00360-LKK, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), *report and recommendation adopted*, 2012 WL 218959 (E.D. Cal. Jan. 23, 2012); *Kuschner v. Nationwide*

4

*Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

**DISCUSSION**

The court's previous scheduling order set a June 7, 2019 filing deadline for all pre-trial motions, both dispositive and non-dispositive. (Doc. No. 195.) Cox now argues that in the time since that deadline passed, "the Department of Justice indicted Roadrunner's Chief Financial Officer, Peter Armbruster . . . [and] Armbruster's criminal case moved forward to trial on July 13, 2021." (Doc. No. 258-1 at 4.) Cox asserts that the jury in that criminal prosecution returned a guilty verdict against Armbruster, finding that he took actions to mislead Roadrunner's accountant while Roadrunner was reviewing its own financial statements and that he falsified the books, records, or accounts of Roadrunner. (*Id.*) According to Cox, this guilty verdict presents "new facts that directly affect Roadrunner's cross-claim against Cox for breach of contract because it shows that Roadrunner materially breached the SPA long before June 1, 2017, which is the date Roadrunner alleges Cox breached the SPA." (*Id.*) Specifically, Cox avers, "Roadrunner materially breached the agreement by fraudulently manipulating and concealing its financial statements and accounts, which directly affected the SPA's provisions regarding earn-out payments to Cox[.]" (*Id.* at 5.)

In opposition, Roadrunner argues that Cox's motion seeking modification of the court's scheduling order so as to authorize his filing of a new motion for summary judgment should be denied because Cox sought the modification more than two years after the court's established deadline for the filing of motions had passed and because the new fact Cox bases the motion upon "does not in and of itself establish that Roadrunner materially breached the SPA as a matter of law." (Doc. No. 260.)

The court finds Roadrunner's argument to be persuasive. Although Armbruster's criminal conviction itself is a new fact, it does not appear to be material with respect to the court's previous denial of Cox's motion for summary judgment. In his motion for reconsideration of the

5

order denying summary judgment in his favor, Cox argued that Roadrunner breached the SPA based on the alleged wrongdoing of former Roadrunner employees. (Doc. No. 202-1 at 14.) Specifically, Cox pointed out that an arbitrator had already determined that Roadrunner owed Cox earn-out payments. (*Id.* at 12.) This court considered whether Roadrunner's failure to pay Cox constituted a material breach, i.e., one that would discharge Cox from performing his duty under the SPA. (Doc. No. 243 at 11.) While the undersigned agreed that Roadrunner's actions could constitute a breach, it did not definitely conclude that this potential breach was material. (Doc. No. 243 at 12.) As the court pointed out in denying Cox's motion for reconsideration, "'[n]ormally the question of whether a breach of an obligation is a material breach, so as to excuse performance by the other party, is a question of fact.'" (*Id.*) (quoting *Brown v. Grimes*, 192 Cal. App. 4th 265, 277 (2011)). The court therefore declined to resolve on summary judgment whether Roadrunner materially breached the SPA, noting that "at the trial of this action, Cox will be allowed to present evidence and argue that Roadrunner's breach was 'a material breach [that] excuses further performance by the innocent party.'" (*Id.* at 12) (quoting *Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1602 (2012)).

As in his previous motions, Cox has not now presented any authority which persuades the court that this new evidence—Armbruster's conviction at his criminal trial—excuses Cox's performance under the SPA's non-competition provisions. "Rather, at most, Cox has established [another] issue of triable fact for a jury to resolve in this regard." (*Id.* at 13.) Although Cox contends that Roadrunner materially breached the SPA by manipulating its financial records to withhold Cox's contractual payments, this contention covers the same ground as Cox's previous arguments with respect to the arbitrator's decision concluding that Roadrunner owed Cox $1,050,000.00 in earn-out payments. (*See* Doc. No. 243 at 11.) Additional evidence that one of Roadrunner's officers was subsequently found guilty of defrauding Roadrunner's accountant is simply not dispositive as to the alleged material breach of the SPA. Cox provides no authority in his motion stating otherwise. The verdict in Armbruster's criminal case, at most, merely provides a basis for one more argument that Cox may make to the jury in support of his claim.

/////

This case is finally set for trial. Moreover, the court has already entertained too many motions that, in the undersigned's view, have served only to delay the ultimate resolution of this action. Cox's motion to amend the scheduling order will therefore be denied.

## CONCLUSION

For these reasons, Cox's motion to amend the court's scheduling order (Doc. No. 258) is denied and that scheduling order remains in full force and effect.

IT IS SO ORDERED.

Dated: **February 4, 2022**                         /s/ Dale A. Drozd
                                                                        UNITED STATES DISTRICT JUDGE